David O. Boehm, J.
This is a motion made pursuant to CPL 210.20 (subd. 1, par. [g]).for an order in accordance with CPL 30.30 (subd. 1, par. [a]) to dismiss the indictment on the ground that the defendant has been denied a speedy trial.
The defendant is charged by Indictment No. 645 filed November 2, 1973, with the crimes of possession of weapons, dangerous instruments! and appliances, and escape, second degree.
On April 2, 1973 a felony complaint was filed against the defendant and a warrant issued on the above charges. The warrant was served and the arrest made on April 6, 1973 and *767 defendant was arraigned on April 7, 1973 in the Rochester City Court, Criminal Branch. A preliminary hearing was waived and the case was ordered transmitted to the County Court, pursuant to CPL 180.30.
On October 29, 1973, it was presented to the Grand Jury and an indictment was returned against the defendant on November 2, 1973. The case appeared on this court’s trial calendar February 19, 1974 at which time, by order to show cause, the defendant moved to dismiss the indictment because of the seven-month delay between the commencement of the criminal proceedings and the indictment.
Defendant further argues that the additional three to four months which elapsed from the time of the indictment to the time the case was reached for trial, represent further delay from which she has suffered prejudice in that ‘ ‘ the testimony of certain key witnesses is not clear in their minds, and * * * some of these witnesses are having trouble in recollecting their testimony.”
The District Attorney opposes the motion on two grounds. Each will be taken up separately.
As the first ground, the District Attorney asserts that the charges could not be submitted to the Grand Jury sooner because of the backlog of cases, inadequate staff and the resulting necessity of setting up a system whereby cases were presented to the Grand Jury in an order of priority based upon seriousness or importance.
This is the same unadorned argument used by the District Attorney to resist prior motions to dismiss for pre-indictment delay. That argument must fail now as it has before, and for the same reasons. Perhaps it is time to clarify and enunciate these reasons in somewhat greater detail.
It will be recalled that the Administrative Board of the Judicial Conference adopted hard-and-fast rules in the spring of 1971 requiring, among other things, that all non-homicide felonies be tried within six months of arrest. These were to go into effect May 1, 1972.
As that date approached, the Legislature enacted a new CPL 30.30 (L. 1972, ch. 184) to provide for dismissal in non-homicide felony cases where the People are not ready for trial within six months of the commencement of the criminal action. The new law became effective April 28, 1972.
New paragraph (b) of subdivision 3 of CPL 30.30 gives the court discretion not to dismiss where the People are not ready for trial if they were ready before the expiration of the six- *768 month period and are unable to proceed because of some exceptional circumstance.
Paragraphs (a) and (b) of subdivision 4 exclude reasonable periods of delay when they result from certain proceedings concerning the defendant or result from continuances granted by the court upon the request or with the consent of the defendant.
Paragraph (g) of subdivision 4 excepts periods of delay occasioned by exceptional circumstances including, but not limited to, a continuance granted at the prosecutor’s request, provided the application for the continuance was based and granted upon two specified grounds. No application was made here by the District Attorney[1].
In computing the six-month time period, paragraph (c) of subdivision 4 excludes any period of delay resulting from the absence or unavailability of the defendant, and defines absence as follows: “ A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence.”
In every other case, CPL 30.30 requires that the motion to dismiss “ must be granted.”
The use by the Legislature of the word “must” leaves no doubt that the discretion of the court is limited to those exceptions specifically written into CPL 30.30.
In its memorandum, the Legislature noted: ‘ ‘ By requiring the prosecutor to be ready for trial within a specified period of time, this bill, which adopts recommendations of the New York State District Attorneys’ Association * * * would provide a strong inducement to more rapid disposition of criminal cases.” (McKinney’s 1972 Sess. Laws of N. Y., vol. 2, p. 3260.)
The cases of People v. Artonio (42 A D 2d 716) and People v. Samler (Nassau County Ct., May 5, 1972) cited by the People are not controlling.
In Artomo, the Second Department held that a delay from arrest on January 23, 1971 to indictment on December 10, 1971, 10 months and 17 days, did not deprive defendants of a *769 speedy trial .where there was a [1] ‘ serious case of calendar congestion ” in Nassau County, where the District Attorney evaluated the cases to determine their priority of presentment to the Grand Jury, and where the defendants were at liberty during that period and no claim of prejudice had been made by them. An order dismissing the indictment was reversed.
In Sander, the arrest was made on August 5, 1970 and the indictment presented on October 28, 1971. Because of the lack of adequate courtroom facilities to house Grand Jury panels during most of this period, the Nassau County Court held that the District Attorney had properly and necessarily presented the cases on a priority system and denied a motion to dismiss the indictment upon the ground of pre-indictment delay.
But both cases involved time periods which pre-existed the effective date of new CPL 30.30. Both cases were decided under GPL 210.20 and, in Artonio, old CPL 30.20 and section 12 of the Civil Rights Law as well. Although both decisions were made after April 28, 1972, there was no reference to new CPL 30.30 in either one.
In short, neither court passed upon the new mandate of the Legislature that a motion to dismiss a non-homicide felony indictment for delay < ‘ must be granted ’ ’ unless the exceptions of CPL 30.30 applied.
Up to that time the rule had been that sanctions would not be imposed where the People are ready for trial but unable to proceed because of reasons outside of their control, i.e., court congestion (People ex rel. Franklin v. Warden, 31 N Y 2d 498; People v. Ganci, 27 N Y 2d 418, cert. den. 402 U. S. 924).
Whether or not it will long remain the rule is open to question, particularly in view of the warning contained in Judge Fuld’s concurring opinion in People ex rel. Franklin v. Warden (supra, p. 504): “ It is clear, and becoming ever more evident, that the conditions responsible for delay in the trial of cases are not capable of being remedied by action on the part of the courts or district attorneys alone. 1 [I]t is the responsibility of the State, or of its subdivisions, to do what is necessary — by furnishing funds, facilities and personnel — to assure the effective operation of the judicial system, and that burden may not be shifted to the defendant. The rule is simply stated: constitution and statutes mandate a speedy trial, and it is incumbent on the State to provide it.” So I wrote in dissent in People v. Ganci (27 N Y 2d 418, 431), and so I still believe. Indeed, I am heartened by Mr. Justice White’s recent observation, in the course of his concurring opinion in Barker v. Wingo (407 U. S. 514, 538), *770 that ‘ unreasonable delay in run-of-the-mill criminal cases cannot be justified by simply asserting that the public resources provided by the State’s criminal-justice system are limited and that each case must await its turn. As the Court points out, this approach also subverts the State’s own goals in seeking to enforce its criminal laws.’ ”
That rule does not apply in any event where six months have elapsed before indictment. When this happens, there is no way the People can be ready for trial within six months. Accordingly, the indictment “must be” dismissed, unless the delay falls within one of the stated exceptions. Inadequate staff is not one of those exceptions. (Cf. People v. Feliciano, 75 Misc 2d 921.)
Nor does “ inadequate staff ” come within CPL 30.30 (subd. 4, par. [g]), i.e., other periods of delay occasioned by “exceptional circumstances.” The failure to provide a staff adequate to the criminal justice needs of the community is not an exceptional circumstance. If it were, then the limit of CPL 30.30 would be thwarted. The old delays could again continue without recourse, the Tombs and other holding facilities could again be overcrowded with defendants awaiting disposition and then, when another explosive jail riot occurred, a Mayor or other executive could ag-ain divert blame for grievous under-funding of criminal justice facilities and personnel by the time-worn practice of blaming the courts. I do not so interpret the legislative purpose in enacting CPL 30.30 (see, also, new court rules adopted for the Criminal Courts in New York City, 22 NYCRR Part 2950).
Accordingly, if this were the District Attorney’s only argument, it would be necessary to grant the motion to dismiss.
However, the District Attorney has raised, as another argument in opposition, the exclusion from the period of delay of the time during which the defendant was absent or unavailable (CPL 30.30, subd. 4, par. [c]). From the detailed affidavit submitted by the District Attorney, it appears that the defendant was absent from Monroe County or her whereabouts unknown from August 18, 1973 until November '26,1973.
It appears that defendant was arraigned in Rochester City Court on July 13, 1973 after being arrested on July 2, 1973 upon a charge of criminal possession of stolen property. Thereafter, defendant was arraigned upon a new charge of petit larceny in Rochester City -Court and this case was placed upon that court’s calendar for July 20,1973, on which date August 20, 1973 was set for the trial of both charges. On August 13, 1973 *771 defendant was arrested again in the Town of Pittsford on new charges, and released on August 16, 1973 on bail. The next day, on August 17, 1973, she was again arrested and charged with yet another crime in the Brighton Town ‘Court and apparently released, because on August 18, 1973 a bench warrant was issued against her in that court for failure to appear. The defendant did not appear either for trial in Rochester City Court on August 20, 1973 and a bench warrant was also issued in that court. A third bench warrant was again issued against her on August 23, 1973 for failure to appear in Pittsford Town Court.
In the meantime defendant had been arrested on August 12, 1973 in Newburgh, New York, under another name, as a result of new criminal charges. On November 2, 1973 her bail was forfeited because she failed to appear in the Newburgh Town Court.
Finally, on November 26, 1078, defendant was again arrested on new charges unrelated to any of the others, and brought to the Rochester City Court for arraignment.
It is not refuted that the defendant was absent, or unavailable, for at least three months from the time she failed to appear in Brighton Town Court on August 18, 1973 to the time she was finally arrested and arraigned in Rochester City Court on November 26, 1973.
Defendant, in her memorandum of law, argues that the failure of the People to indict within the six-month period and to bring the case to trial within 10 months requires dismissal even if the defendant was absent. She urges particularly that the six-month rule must be applied because in no way were the People prevented from indicting the defendant during her absence. However, this overlooks the fact that the six-month rule is a legislative time limitation and not, per se, a constitutional one. The lapse of six months in and of itself, without more, is not a deprivation of the defendant’s right to a speedy trial. As a matter of fact, the legislative limitations are more stringent than the constitutional requirements (cf. People v. Ganci, 27 N Y 2d 418, cert. den. 402 U. S. 924, supra; People ex rel. Franklin v. Warden, 31 N Y 2d 498, supra; Barker v. Wingo, 407 U. S. 514), and the situation here clearly falls within the tolling provision of paragraph ‘(c) of subdivision 4.
In Barker v. Wingo (supra) the United States Supreme Court set forth four factors to be considered in determining whether a defendant has been deprived of his right to a speedy trial: (1) length of delay; (2) reason for delay; (3) defendant’s claim of his right; and (4) prejudice to defendant.
*772 The majority opinion pointed out (p. 533): “ We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Bather, they are related factors and must be considered together with such other circumstances as may be relevant.”
Even accepting the unsubstantiated conclusions in defendant’s affidvait, the circumstances of this case do not warrant dismissal on either legislative or constitutional grounds.
The motion of the defendant is denied in all respects and the case shall resume its original position on the trial calendar.

. In this regard, it would seem that if the prosecutor knows that evidence material to the People’s case is unavailable or that he needs additional time to prepare, he should move for a continuance in advance of trial or in advance of presentment to the grand jury and before a motion is brought by the defense to dismiss under CPL 210.20 (subd. 1, par. [g]). Failure to do so seriously impairs any last-minute use by the District Attorney of CPL 30.30 (subd. 4, par. [g]) to defend himself against such an attack.