■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH NOWAKOWSKI, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered January 5, 1978, convicting defendant on his plea of guilty of the crime of grand larceny in the second degree and sentencing him to a term of imprisonment of one year, to run concurrently with a sentence in Cayuga County. On August 29, 1975, defendant was indicted for the crime of grand larceny in the second degree. On July 15, 1977, defendant was arraigned on said indictment and an adjournment to September 9, 1977 was granted for the purpose of motions and other applications. An omnibus motion was made on September 9, 1977 which requested, *inter alia,* dismissal of the indictment based on the deprivation of defendant's right to a speedy trial pursuant to CPL 30.30. That part of the motion requesting dismissal for denial of a speedy trial was denied without a hearing and it is this denial which forms the basis of defendant's appeal. Defendant thereafter entered a plea of guilty of the crime of grand larceny in the second degree and was sentenced to a prison term of one year. In support of defendant's motion, defendant's counsel submitted an affirmation merely alleging that the delay between the indictment and arraignment was unreasonable since the defendant's whereabouts could have been determined with a reasonable amount of diligence and that the delay had prejudiced the defendant. The District Attorney, however, claimed that defendant *could* not have been reasonably found and every effort was made to find him. At the oral argument of this appeal, he informed the court that a bench warrant for the defendant's arrest was issued and transmitted to

the Sheriff of Chemung County for execution. In computing the period of delay within which the People must be ready for trial, CPL 30.30 (subd 4, par [c]) excludes "the period of delay resulting from the absence or unavailability of the defendant". The date of the crime was July 5, 1975, and in the defendant's own moving papers his counsel alleged that the defendant "departed Elmira, via a Greyhound bus, a few days before July 12, 1975." Under the facts of this case, where a bench warrant was issued immediately after indictment and an attempt was made to locate a concededly unavailable defendant, who by his own admission had departed the jurisdiction, in order for such a defendant to be entitled to a hearing on the issue of a speedy trial, he must allege that he was available and come forward with evidentiary facts showing his availability prior to his arraignment. Since the defendant in this case failed to do so, the trial court properly denied his motion without a hearing. Judgment affirmed. Mahoney, P. J., Greenblott, Mikoll and Herlihy, JJ., concur.

Sweeney, J., dissents and votes to remit in the following memorandum. Sweeney, J. (dissenting). I am unable to agree with the result arrived at by the majority and, therefore, dissent. The denial of the motion without a hearing was improper in that the mere claim by the District Attorney that every effort was made to locate the defendant furnished an insufficient basis to deny the motion without a hearing (People v Lewis, 61 AD2d 799; People v Scott, 54 AD2d 939). Nor do I find any merit in the People's contention that defendant failed to furnish a sufficient factual basis in support of his motion to entitle him to a hearing on the issue of his absence or unavailability. Consequently, in my opinion, determination of the appeal should be withheld and the case remitted to the Trial Justice for a hearing and determination of whether the branch of defendant's motion seeking dismissal pursuant to CPL 30.30 should have been granted or whether the period of delay resulted from defendant's absence or unavailability as provided in CPL 30.30 (subd 4, par [c]) thus requiring denial of that part of the motion in question (see People v Schwartz, 54 AD2d 967; People v Ranellucci, 50 AD2d 105; 53 AD2d 385, revd 43 NY2d 943).