■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY LEE WILLIAMS, Appellant.—Case held, decision reserved and matter remitted to Monroe County Court for a hearing in accordance with the following memorandum: Defendant appeals from a judgment of conviction after a guilty plea to sodomy in the first degree, asserting that he was denied his right to a speedy trial and was not afforded a hearing to determine the reasons for the delay. Defendant was charged on August 7, 1974 in a six-count indictment alleging rape, sodomy, sexual abuse and kidnapping. On September 13, 1974 his appearance was noted when a codefendant pleaded to a misdemeanor charge. Williams pleaded guilty (Jan. 9, 1975) to a charge of sodomy in satisfaction of the indictment. This plea was withdrawn on March 3, 1975. On March 12, 1975 all parties responded ready for trial which was anticipated to be held in the April Term. The record, however, is devoid of any indication of activity until December, 1975 when the case was then returned to the calendar. Defense counsel then made a motion returnable January 15, 1976 for dismissal of the indictment pursuant to CPL 210.20, 30.20 and 30.30. The right to a speedy trial is fundamental and in the absence of excuse prosecutorial delay will lead to dismissal *(People v Johnson,* 38 NY2d 271). CPL 30.30 (subd 1, par [a]) mandates dismissal of the indictment if the People are not ready for trial within six months of the commencement of a criminal action and fail to establish periods of exclusion under the statute *(People v Washington,* 43 NY2d 772). Where the defendant is to be tried following the withdrawal of a plea of guilty, the criminal

action is deemed to have commenced on the date of the withdrawal of the plea (CPL 30.30, subd 5, par [a]). The prosecutor's affidavit does not sufficiently set forth the facts to document the cause of the delay from March 3, 1975 until December 24, 1975. An affidavit merely asserting a backlog of cases is insufficient to overcome the right to speedy trial relief *(People v Sturgis,* 38 NY2d 625). An assertion of readiness without substantiation, if allowed to excuse needless delay, could make a mockery of CPL 30.30 *(People v Dean,* 45 NY2d 651). Where a question of fact is presented, the court is required to have a hearing prior to determination *(People v Gruden,* 42 NY2d 214; CPL 210.45, subd 6). The record before us on appeal contains no finding or conclusion concerning the 10-month period of delay. Since the burden is on the People to establish periods of exclusion under CPL 30.30 (subd 4), the case is remanded for further proceedings. On remand the trial court will conduct a hearing and make appropriate findings in accordance with CPL 30.30 (subd 4) *(People v De Valle,* 63 AD2d 830; *People v Cook,* 63 AD2d 842). (Appeal from judgment of Monroe County Court—sodomy, first degree.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.