THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MICHAEL MCCAFFERY, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant appeals from a judgment of January 24, 1980, convicting him of criminal possession of a controlled substance in the third degree. He claims that he was denied a speedy trial. He was arrested on November 2, 1978 and, after a preliminary hearing on November 9, 1978, he was held for the Grand Jury. Defendant was indicted on April 12, 1979 and arraigned upon the indictment on April 20, 1979. On May 10, 1979 the court granted defendant's motion for discovery, ordering discovery of certain items and directing the prosecution to serve a bill of particulars. After defendant failed to appear at a pretrial conference, the court issued a bench warrant on May 22, 1979. The District Attorney did not comply with the discovery orders or bill of particulars and so, on June 26, 1979, the court ordered compliance and also withdrew the bench warrant. After defendant moved to dismiss the indictment for lack of a speedy trial on July 26, 1979, a superseding indictment was returned on August 1, 1979 adding related charges. Arraignment on this indictment was on August 9, 1979, and the first indictment was dismissed. Defendant, on August 17, 1979, renewed his motion for dismissal of the indictment for failure to provide him a speedy trial. The court, after an October 6, 1979 hearing, denied defendant's motion so far as it concerned the original counts of the first indictment which were included in the second indictment, and dismissed all other charges. Defendant pleaded guilty to the remaining charges on December 26, 1979. Once defendant has shown a delay in readiness for trial greater than the six-month statutory limit, the burden is on the People to prove that certain periods of the delay are excludable under CPL 30.30 (subd 4) from the time in which they must be ready for trial (People v Berkowitz, 50 NY2d 333). The first period contested by defendant is 162 days, from the November 9, 1978 preliminary hearing to April 20, 1979 when defendant was arraigned on the indictment. The District Attorney's excuse for the delay is that plea negotiations were being conducted. Such delay is, however, chargeable to the time given him to prepare his case, as he has not disproved defendant's denial of a request for delay. During the preindictment period the matter is wholly under the control of the People, and there is nothing defendant can do to prevent or delay presentment of the case to the Grand Jury (People v Thill, 75 AD2d 709). The second period contested by defendant is the District Attorney's delay in not responding until July 5, 1979 to the May 10, 1979 court order of discovery and bill of particulars. The District Attorney asserts that from May 22, 1979 to June 26, 1979, the period in which the bench warrant was outstanding on defendant, is excludable (CPL 30.30, subd 4, par [c]); that the time from May 28, 1979 to June 6, 1979, a period during which the Assistant District Attorney was ill, is an excludable "exceptional circumstance" (CPL 30.30, subd 4, par [g]); and that June 21, 1979 to June 26, 1979, the time during which the court was considering a motion by defendant, is excludable. The period during which the bench warrant was outstanding is not excludable for the District Attorney has not explained how delay resulted therefrom; the mere allegation of absence or unavailability is insufficient for the time to be excludable under CPL 30.30 (subd 4, par [g]). Furthermore, the time in which the Assistant District Attorney was ill is not an "exceptional circumstance" and excludable under CPL 30.30 (subd 4, par [g]). This event did not relieve the prosecution of its duty to expedite the proceedings and furnish the personnel to

assure the effective operation of the judicial system *(People v Sturgis,* 77 Misc 2d 766, affd 46 AD2d 741, revd on other grounds 38 NY2d 625). However, the six-day period from June 21, 1979 to June 26, 1979 is excluded as time for pretrial motions and the period during which such matters are under consideration by the court (CPL 30.30, subd 4, par [a]). The District Attorney is, therefore, chargeable with the delay from May 10, 1979 to July 5, 1979, excluding June 21, 1979 to June 26, 1979, an additional 51 days. We find it inappropriate to consider *sua sponte* whether defendant's guilty plea waived his CPL 30.30 right to dismissal, as the People have not made such a contention and accordingly, defendant has been afforded no opportunity to respond *(People v Brothers,* 50 NY2d 413, 418; *People v Lomax,* 50 NY2d 351, 354, n 1). Thus, the delay chargeable to the District Attorney exceeds the six-months time allowed by the statute (CPL 30.30), and the judgment is, therefore, reversed and the indictment dismissed. (Appeal from judgment of Erie Supreme Court — criminal possession controlled substance, third degree.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.