*302 OPINION OF THE COURT
Michael C. Curci, J.
This was a motion to dismiss upon speedy trial grounds under CPL 30.30 and 30.20, and the Constitution of the United States.
On October 23, 1985, the criminal action against the defendant was commenced by the issuance and filing of a felony complaint and the issuance of an arrest warrant. On April 2, 1987 (the eve of trial and almost 18 months after commencement of criminal action), the defendant moved this court to dismiss the indictment on the grounds that her right to a speedy trial has been denied, pursuant to the Sixth Amendment of the US Constitution and CPL 30.20 and 30.30. She also contends that her speedy trial rights have been violated, pursuant to the fact that the People have exceeded the basic six-month period. The People concede that the six-month calendar period has been exceeded, but contend that there has been more than enough excludable time, that the motion must be denied.
The defendant is charged in this indictment with the crimes of forgery in the second degree, unauthorized practice and unauthorized use of a professional title.
The court has on many court dates, on and off the record, reviewed the extensive affirmations, court transcripts and supporting arguments and documentation supplied by both parties to the motion, finding some of them constituting hearings in effect (CPL 210.45 [5] [c]; cf., People v Nowakowski, 67 AD2d 792, mod and remanded 49 NY2d 723 [1980]), and reports such having been done over a period of months.
CPL 30.30 (1) (a) requires that the People be ready for trial within six months of the commencement of any criminal action which accuses the defendant of a felony. Once the defendant has made a prima facie showing of a delay greater than six months, the burden shifts to the People to establish that the delay is attributable to circumstances which toll the operation of the statute pursuant to CPL 30.30 (4) (People v Berkowitz, 50 NY2d 333, 349 [1980]).
CPL 30.30 (4) states that:
"In computing the time within which the people must be ready for trial pursuant to subdivisions one [six months rule] * * *, the following periods must be excluded: * * *
"(b) the period of delay resulting from a continuance *303 granted by the court at the request of, or with the consent of, the defendant or his counsel * * * A defendant without counsel must not be deemed to have consented to a continuance unless he has been advised by the court of his rights under these rules and the effect of his consent; or
"(c) the period of delay resulting from the absence or unavailability of the defendant * * *; or * * *
"(g) other periods of delay occasioned by exceptional circumstances, including, but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period; or (ii) the continuance is granted to allow the district attorney additional time to prepare the people’s case and additional time is justified by exceptional circumstances of the case.”
As stated, we have now studied transcripts of most dates, and upon the hearings alluded to above we find, as pertains to each date, as follows:
JANUARY 21, 1987 TO FEBRUARY 10, 1987 (20 DAYS)
On this date, the court was informed by Assistant District Attorney (ADA) Peter Crusco that Ms. Loconsolo had been in a serious automobile accident. She was in the hospital and had received about 100 stitches to the head. The court was further informed that ADA Loconsolo was not expected to be released from the hospital for at least two weeks and the People requested February 10, 1986 for trial. This is a case with a unique fact situation which is distinguishable from People v McCaffery (78 AD2d 1003 [4th Dept]), which stated the general rule that, delay due to mere illness of the prosecutor, and no other circumstances, is not excluded. Ms. Loconsolo has been the prosecutor in this case since December of 1985 and was deeply involved in its investigation and the arraignment. The subject matter of this action is unique in a sense. It involves the alleged crimes of forgery and unauthorized practice of medicine which are subjects not frequently handled by the other Assistant District Attorneys. Ms. Loconsolo has made a motion before the court, in short citing the Molineux case, which motion was denied. She has interviewed *304 witnesses, and otherwise had devoted what must be over 100 hours of detailed and exhaustive preparation of this case. Another unique fact was that Ms. Loconsolo’s accident occurred on January 18, 1987, just three days before the subject January 21, 1987 court date. It would be absurd and unreasonable to expect the People to assign a second prosecutor to the trial of the case on such short notice. It is clear that no other ADA could reasonably be expected to learn the unique facts and circumstances sufficient to prepare for trial on any such short length of time. This is especially true when it appears that due to Ms. Loconsolo’s injury, and resulting loss of short-term memory, she would have been unable to brief her replacement. This is clearly "exceptional circumstances” pursuant to CPL 30.30 (4) (g).
We distinguish the McCaffery case (78 AD2d 1003, supra) upon all the unique facts and circumstances that we state at this paragraph. We have Shepardized McCaffery (supra), and find nothing bearing upon our situation. McCaffery was a "Memorandum” opinion, with only one line of nonelaborative material which stated that a "District Attorney [was] ill”. That "this event did not relieve the prosecution”, etc. (Emphasis supplied.) That was, in effect, all that was stated. We agree that a mere unexplained illness of and in itself should not at all relieve the People.
In McCaffery (78 AD2d 1003, supra) they cited People v Sturgis (77 Misc 2d 766, affd 46 AD2d 741). We know that Sturgis stood for the proposition that one has the right to a speedy trial which may be tolled by the defendant’s absence under certain circumstances. Note, it does not bear upon a District Attorney’s absence. The fact that later cases modified Sturgis does not affect us here, for the reason that at Sturgis, the fact situation is totally unrelated to our unique fact situation. Our case is no mere Assistant District Attorney "illness”, per se. No, there is much more to it than that in our case.
The rules indicate that when there is no Court of Appeals case on point, and there is not, we must consider other Appellate Division rulings. So, although McCaffery (78 AD2d 1003, supra) is a Fourth Department case, we must consider it. However, we distinguish it on facts in the case at bar which we believe are so much different than the "one-liner” stated at McCaffery re: "District Attorney * * * ill”.
To illustrate how far removed these cases are in their fact *305 patterns, under McCaffery (supra) at "Shephards Citations” is set forth People v Jones (118 AD2d 502, revd 68 NY2d 717) as if it were on point. It had to do with an Assistant District Attorney who went on vacation. There is no question but that an unexplained absence, vacation, or illness, in and of itself not ramified by the details in our case, could very well cause the People to be charged with the time.
In passing, we are mindful of the general rules laid down by the landmark cases, and have taken them into consideration. They include, but are not exclusive of: People ex rel. Franklin v Warden (31 NY2d 498), People v Ganci (27 NY2d 418, cert denied 402 US 924), and Barker v Wingo (407 US 514).
It appears to this court that under all these circumstances, not to give the People a reasonable time to regroup their forces would be tantamount to an arbitrary dismissal. Furthermore, the defense did not object at all to this adjournment. Is this not a consent or tantamount to a consent, by the defense to the adjournment? (See, CPL 30.30 [4] [b].)
This period is excludable (20 days).
RECAPITULATION
I) CHARGEABLE TO THE PEOPLE: 133 NUMBER OF DAYS
One hundred thirty-three days net, chargeable to the People is not over the six-month period of time set forth in CPL 30.30 (1) (a). Accordingly, that part of the motion which seeks to dismiss the indictment pursuant to CPL 30.30 is denied.
II) MOTION TO DISMISS INDICTMENT PURSUANT TO CPL 30.20
The courts in this State have long held that, "unreasonable delay in prosecuting a defendant constitutes a denial of due process of law” (People v Staley, 41 NY2d 789, 791), and that, "in a proper case, a lengthy and unjustifiable delay in commencing the prosecution may require dismissal even though no actual prejudice to the defendant is shown.” (People v Singer, 44 NY2d 241, 253-254.) New York courts have generally used a balancing test when analyzing due process claims. A balancing test which uses various factors which "must be evaluated on an ad hoc basis since no rigid precepts may be formulated which apply to each and every instance”. (People v Taranovich, 37 NY2d 442, 445.) In People v Taranovich (supra), the New York State Court of Appeals enunciated five factors of primary importance: (1) the length of delay, (2) the reason for the delay, (3) the degree of actual prejudice of the defendant, (4) the nature of the underlying offense, and (5) *306 whether or not there has been an extended period of pretrial incarceration.
Some, not all, of the mitigating factors that make the time not unreasonable under the circumstances are:
(1) The length of the delay: Not necessarily very long under the circumstances, by many Supreme Court "long case” standards, but long by other standards. A delay of approximately two years, before trial was about to have been commenced, can be viewed as long by many standards. This is why one must examine the other four criteria.
(2) The reason for the delay: (a) Many of the adjournments in this case resulted from defense conduct (see, supra), for the several defense requests for adjournments, and the comments about adjournments, (b) The time taken by both sides, properly, and not at all unreasonable, for various pretrial motions (e.g., Molineux) by the People, to allow an uncharged crime into evidence on direct was very interesting, took some time, and was denied. (See decision on file.) (c) The extremely unfortunate automobile accident suffered by ADA Loconsolo, and thank God, her recovery, (d) The absences of defense counsel and the defendant.
(3) The degree of factual prejudice to the defendant: None as I can find it. This Judge has sat on this case now for many months and knows of no specific undue prejudice to this defendant, due directly from this delay. In fact, the delay might have hurt the People.
(4) The nature of the underlying offense: The uniqueness of the case, and the facts and the difficulty of proof inure to the deficit of the People. It is not every day in Queens that a lady as mature as is this defendant is charged with practicing medicine. Proof of intent, expert witnesses, etc., wain. Witnesses move away. It should be noted that this time-consuming speedy trial motion was made and filed on the very day we all practically had a jury in the "box”, ready for selection.
(5) Extended Incarceration: It appears to this court that the defense’s attitude toward completion of this litigation was causal at best. The record is replete with defense adjournments, great absences and consents to adjournments. Further, the defendant was treated with consideration by the court. She has been allowed out, released in her own recognizance, and the court has waived her appearance at court on many occasions. There has also been no extended period of pretrial incarceration by the defendant.
*307 Examination of the aforementioned factors as they relate to the facts and circumstances of this case clearly shows that the defendant’s constitutional and statutory rights for a speedy trial have not been violated by the length of delay. Approximately two years is not per se unreasonable when one considers all the factors discussed supra. The reason for the delay is, for the most part, attributable to the defense. No real prejudice to the defendant has been demonstrated by the delay, and there was no extended period of pretrial incarceration.
The defendant’s motion to dismiss the indictment pursuant to CPL 30.20 and the United States Constitution is denied.
[Portions of opinion omitted for purposes of publication.]