■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AUDIE T. MIDDLEMISS, Respondent. [604 NYS2d 308] —Crew III, J. Appeal from a order of the County Court of St. Lawrence County (Nicandri, J.), entered January 27, 1993, which granted defendant's motion to dismiss the indictment.

On June 28, 1991, a felony complaint charging rape was filed against defendant upon which he was arraigned. On September 20, 1991, defendant was indicted for that crime and was arraigned on the indictment on November 7, 1991. On December 30, 1992, defendant moved for dismissal of the indictment on the ground of the People's noncompliance with the speedy trial limitations of CPL 30.30, which motion was granted, and the People have appealed. Inasmuch as there is more than 180 days of nonexcludable delay in defendant's prosecution, the order appealed from must be affirmed.

It is axiomatic that the time period contemplated by CPL 30.30 begins to run with the filing of the original complaint *(see, People v Osgood,* 52 NY2d 37, 43), here June 28, 1991. Although the 16 days that elapsed between the filing of the

felony complaint and County Court's assignment of counsel on July 16, 1991 are not chargeable to the People *(cf., People v Cortes,* 80 NY2d 201), the 66 days remaining between such assignment and the indictment of defendant are properly charged to the People. Additionally, although the People announced their readiness at the time of the return of defendant's indictment, defendant was not arraigned on that indictment until November 7, 1991, a period of 48 days. We have previously held that announcement of readiness prior to arraignment is ineffectual because a defendant cannot be tried before he is arraigned *(see, People v Marsh,* 127 AD2d 945, 947, *lv denied* 70 NY2d 650). The People had the obligation of arranging for defendant's arraignment *(see, People v Battaglia,* 187 AD2d 808, 810) and nothing appears in record to suggest that the delay was in any way "visited upon defendant by the court" *(People v Rivera,* 160 AD2d 234, 235). However, the People must be afforded a reasonable period of time between the filing of the indictment and arraignment thereon which we perceive, in the absence of facts demonstrating the contrary, would be seven days *(see, People v Collins,* 98 AD2d 947). Accordingly, an additional 41 days are chargeable to the People.

Finally, on July 30, 1992 the People requested an adjournment of a *Huntley* hearing scheduled for August 6, 1992, citing as the reason serious injuries sustained by the Assistant District Attorney to whom the case was assigned and further advising the court that the Assistant District Attorney would not be able to return to work until August 10, 1992. The Assistant District Attorney in question resigned her position on August 25, 1992. The *Huntley* hearing was not conducted until December 2, 1992, a period of 125 days from the requested adjournment. It is clear that the postreadiness request for an adjournment demonstrated that the People were not ready to proceed to trial *(cf., People v Liotta,* 176 AD2d 110, 111, affd 79 NY2d 841). The question is whether the reason for the delay was excludable as an "exceptional circumstance" as envisioned under CPL 30.30 (4) (g).

We are not prepared to hold, as a matter of law, that the unavailability of the attorney assigned to a case due to illness or injury is not an excludable "exceptional circumstance".* However, if it is to be such, more must appear in the record than we have before us *(see, e.g., People v Weigand-Gordon,*

---

* To the extent that *People v McCaffery* (78 AD2d 1003) holds to the contrary, we decline to follow it.

138 Misc 2d 301 [holding that where the Assistant District Attorney, who was hospitalized on the eve of trial as the result of an automobile accident, had devoted in excess of 100 hours preparing for trial, the case itself was extremely complex and the trial was to be delayed for three weeks, it would be absurd and unreasonable to expect the People to assign another prosecutor to the trial of the case on such short notice]). For all that we can glean from the record, we are dealing with a routine *Huntley* hearing which could well have been handled by another Assistant District Attorney. Assuming, arguendo, that the unavailability of the Assistant District Attorney constituted an excludable "exceptional circumstance", it ended on August 25, 1992 when she resigned her position. Given a reasonable time thereafter to reschedule the hearing (a week to 10 days) would still yield more than 180 days of nonexcludable delay in defendant's prosecution.

Weiss, P. J., Mikoll, Yesawich Jr. and Cardona, JJ., concur. Ordered that the order is affirmed.