People v Miller (2024 NY Slip Op 24229)

[*1]

People v Miller

2024 NY Slip Op 24229

Decided on August 22, 2024

County Court, Essex County

Meyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on August 22, 2024
County Court, Essex County

The People of the State of New York, Respondent,

against
Alice Q. Miller Appellant.

Index No. CR22-119

Emily L. Evatt, Essex County Public Defender (Eric T. Weyand, Esq.), Elizabethtown, New York, for Appellant. 
Kristy L. Sprague, Esq., (Kevin P. Mallery, Esq.), Essex County District Attorney, Elizabethtown, New York.

Richard B. Meyer, J.

Appeal from a judgment of the Justice Court of the Town of North Elba (Dietrich, J.), rendered January 4, 2024 convicting the defendant after a jury trial of menacing in the second degree (Penal Law §120.14[01]) and criminal possession of a weapon in the fourth degree (Penal Law §265.01[2]), both class A misdemeanors, and imposing a concurrent split sentence of an intermittent term of fifteen (15) days in the Essex County Jail and a one (1) year conditional discharge. The court also imposed a fine of $805.00 plus court charges and a five-year order of protection. The defendant seeks to have the convictions reversed, annulled and vacated, on the grounds, inter alia, that the local criminal court (Coursen, J.) improperly denied her pretrial motions to dismiss on statutory speedy trial grounds (CPL §30.30 [1][c]) and to suppress physical evidence and her statements to law enforcement, and the jury verdict was not supported by legally sufficient evidence.
On May 12, 2021, the defendant was charged by misdemeanor informations in the Village of Lake Placid Justice Court with the misdemeanor offenses of criminal possession of a weapon in the fourth degree (Penal Law §265.01[2]), attempted criminal possession of a weapon in the fourth degree (Penal Law §110.00, §265.01[2]), and menacing in the second degree (Penal Law §120.14[1]). The charges arose out of a dispute over the location of an easement and the installation of underground utilities between the defendant and a neighboring property owner. The defendant was arraigned on that date and entered pleas of not guilty. The parties next appeared on June 22, 2021, at which time the People filed a statement of readiness and certificate of compliance with discovery. The defendant requested additional time to file pretrial motions which were subsequently filed on July 14, 2021. 
On August 2, 2021, the People consented to dismissal of the misdemeanor informations [*2]charging the two weapons offenses on the grounds that they were both defective, and filed a prosecutor's information again charging criminal possession of a weapon in the fourth degree. By a decision and order dated August 30, 2021, the court dismissed the two informations charging the weapons offenses and accepted the filing of the prosecutor's information. The court also denied all other branches of the defendant's motion including for a suppression hearing on statements attributed to her by law enforcement and the seizure of physical evidence. However, the court later relented and on March 11, 2022, conducted a hearing on whether to suppress the defendant's statements, but not physical evidence. By an order dated March 15, 2022, suppression of the statements was denied, and the trial was scheduled for April 27, 2022 [FN1]
. 
On April 25, 2022, the prosecuting attorney notified the trial court and defense counsel by electronic mail that he had contracted the COVID virus and "therefore require an adjournment". He also wrote, "I can give you some possible trial dates when I return to the office." No other information was provided as a basis for adjournment. The record is devoid of any attempt by the court to contact defense counsel and obtain his position on an adjournment and the record reveals that defense counsel neither consented nor objected to the adjournment. By a letter from the court clerk dated May 17, 2022, the defendant was notified that the case would proceed to trial on September 22, 2022. 
On August 25, 2022, the defendant moved for dismissal of the criminal action on CPL §30.30 speedy trial grounds, alleging that a total of 210 days of delay were chargeable to the People. Specifically, the defendant alleged that: 41 days of speedy trial time were chargeable to the People for the period of defendant's arraignment on May 12, 2021 and the filing of the statement of readiness and certificate of compliance on June 22, 2021; 22 days were chargeable from June 22 to July 14, 2021 because two of the three accusatory instruments were defective and CPL §30.30(5-a) renders a statement of readiness invalid until the People certify "that all counts charged in the accusatory instrument meet the requirements of" CPL §100.15 and §100.40 and those charges not meeting those requirements are dismissed; and 147 days from April 25, 2022 until the September 22, 2022 trial date [FN2]
. In response, the People contended that the "speedy trial 'clock' stop[ped]" on June 22, 2021, when the statement of readiness and certificate of compliance were filed. The prosecutor also disputed that any of the time occurring [*3]after adjournment of the April 27, 2022, trial was chargeable to the people, claiming that his illness in and of itself constituted "extraordinary circumstances" under CPL §30.30(4)(g). 
By a decision and order dated September 6, 2022, the court denied the motion to dismiss on speedy trial grounds. Specifically, the local criminal court held that the defendant "did not object to an adjournment of the April 27th trial date[,] * * * a COVID infected person must isolate for a minimum of five days [, and] * * * [d]efense did not file this motion as soon as practicable.". The local criminal court also noted that "[d]ue to COVID-19 and a large backlog of cases any court room availability delays do not fall on the People."
On September 19, 2022, the defendant filed a motion in this Court pursuant to CPL §170.25 to divest the local criminal court of jurisdiction and direct the People to present the case to a grand jury and proceed by indictment. A stay of the trial was issued by this Court as it considered the motion. While the divestiture motion was pending, in January 2023 the local criminal court judge (Coursen, J.) presiding over the case resigned as the result of an investigation by the State Commission on Judicial Conduct. The defendant's motion for divestiture was denied by a decision and order dated July 27, 2023. A jury trial was held on October 26, 2023, which resulted in a verdict of guilty against the defendant on both charges. She was sentenced on January 4, 2024, and the defendant now appeals.
CPL 30.30(1)(b) provides that a motion to dismiss "must be granted where the people are not ready for trial within . . . ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony". "Where a defendant moves to dismiss an indictment on the grounds specified in CPL 30.30 and includes in the moving papers sworn allegations that there has been unexcused delay in excess of the statutory maximum, the motion must be granted summarily unless the People controvert the factual basis for the motion ([citations omitted])." (People v Santos, 68 N.Y.2d 859, 861, 508 N.Y.S.2d 411, 413, 501 N.E.2d 19, 21 [1986]). "The People have the burden of showing their entitlement to an exclusion (see People v. Barden, 27 NY3d 550, 553, 36 N.Y.S.3d 80, 55 N.E.3d 1053 [2016])." (People v O'Day, 220 AD3d 986, 987, 198 N.Y.S.3d 238, 241 [3d Dept., 2023]; see also, CPL §30.30[4]). 
The parties dispute whether the period from the defendant's arraignment until the defective accusatory instruments charging the weapons offenses were dismissed should be charged to the People. Resolution of this issue involves an analysis of the juxtaposition of two principles of speedy trial law. On the one hand, the periods of time during which a defendant has requested a continuance and his/her pretrial motions are pending are excluded and not chargeable to the People (CPL §30.30[4][a], [b]). On the other hand, subdivision 5-a of CPL §30.30 provides that "a statement of readiness shall not be valid unless the prosecuting attorney certifies that all counts charged in the accusatory instrument meet the requirements of sections 100.15 and 100.40 of this chapter and those counts not meeting the requirements of sections 100.15 and 100.40 of this chapter have been dismissed" (underlining added). The initial charges for criminal possession of a weapon in the fourth degree and attempted criminal possession of a weapon in the fourth degree did not meet those requirements, a circumstance conceded by the People, and they were dismissed on August 30, 2021. The two provisions are not mutually exclusive. Speedy trial time can be tolled while there is a defense-requested adjournment even though the People have not filed a valid statement of readiness. Only if the defendant had not [*4]requested more time to file pretrial motions and filed such motions would the entire period of May 12, 2021, to August 30, 2021, be chargeable to the People. Thus, only the 41 days from the defendant's arraignment on May 12, 2021, to June 22, 2021, are chargeable to the People, thereby leaving 49 days of speedy trial time remaining.
Turning first to whether the defendant filed the motion to dismiss on speedy trial grounds in a timely manner, there is no requirement in CPL §30.30 requiring a defendant to move "as soon as practicable" or within any specific timeframe to dismiss a criminal charge on speedy trial grounds. The provisions of CPL article 255 governing pretrial motions and §210.45, subdivisions 1 through 7, do not apply to motions to dismiss for violation of a defendant's statutory speedy trial rights (see, CPL §30.30[8], §255.10). 
The lower court also erred in denying the motion because the defendant did not object to the adjournment. The lack of objection by the defendant to an adjournment request by the People does not, as a matter of law, constitute consent. 
"The People's contention that a defendant consents to an adjournment either by failing to object to the adjournment, or by defense counsel's failure to appear is meritless. The right to a speedy trial "is not dependent in any way on whether the defendant has expressed his readiness for trial" (People v. Hamilton, 46 N.Y.2d 932, 933—934, 415 N.Y.S.2d 208, 388 N.E.2d 345). Thus, consent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of the responsibility for that portion of the delay." (People v Liotta, 79 N.Y.2d 841, 843, 580 N.Y.S.2d 184, 185, 588 N.E.2d 82, 83 [1992]; see also, People v Smith, 82 N.Y.2d 676, 678, 601 N.Y.S.2d 466, 467, 619 N.E.2d 403, 404, [1993]; People v Miller, 113 AD3d 885, 888, 978 N.Y.S.2d 412, 415, 2014 NY Slip Op 00141, 2014 WL 67286 [3d Dept 2014]; People v Smith, 110 AD3d 1141, 973 N.Y.S.2d 422 [3d Dept., 2013])
The crux of the speedy trial issue is whether the time from April 25, 2022, when the prosecutor "required" an adjournment due to illness, until August 25, 2022, when the motion to dismiss on speedy trial grounds was filed, are chargeable to the People. The Court of Appeals has "consistently construed [CPL §30.30] . . . in light of its language and its legislative history, both of which conclusively demonstrate that this so-called 'speedy trial' statute was intended only to address delays occasioned by prosecutorial inaction [citations omitted]" (People v McKenna, 76 N.Y.2d 59, 63, 556 N.Y.S.2d 514, 515, 555 N.E.2d 911, 912 [1990]). It is clear that "'postreadiness delay may be charged to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial'" (People v Brown, 28 NY3d 392, 404, 45 N.Y.S.3d 320, 326, 68 N.E.3d 45, 51 [2016] citing People v. Carter, 91 N.Y.2d 795, 799, 676 N.Y.S.2d 523, 526, 699 N.E.2d 35, 38 [1998]; see, also, People v. Anderson, 66 N.Y.2d 529, 536, 498 N.Y.S.2d 119, 124, 488 N.E.2d 1231, 1235-36 [1985]). "[P]ostreadiness delay is not excused because inadvertent, no matter how pure the intention" (People v Anderson, supra.).
In the post-readiness context, the People have a dual burden. First, "'the People bear the burden of ensuring that the record explains the cause of adjournments sufficiently for the court to determine which party should properly be charged with any delay' (Stirrup, 91 N.Y.2d at 440, 671 N.Y.S.2d 433, 694 N.E.2d 434; see People v. Cortes, 80 N.Y.2d 201, 215—216, 590 [*5]N.Y.S.2d 9, 604 N.E.2d 71 [1992], rearg. denied 81 N.Y.2d 1068, 601 N.Y.S.2d 586, 619 N.E.2d 664 [1993])" (People v Brown, supra; see, also, People v Miller, 113 AD3d 885, 887, 978 N.Y.S.2d 412, 414-15 [3d Dept., 2014] ["where the People have requested an adjournment, 'it is the People's burden to ensure, in the first instance, that the record of the proceedings at which the adjournment was actually granted is sufficiently clear to enable the court considering the subsequent CPL 30.30 motion to make an informed decision as to whether the People should be charged"]).
The reason for the adjournment here was the prosecutor's illness [FN3]
. InPeople v McCaffery, 78 A.D.2d 1003, 1004, 433 N.Y.S.2d 909, 911 (4th Dept., 1980), it was held that, without more, "the time in which the Assistant District Attorney was ill * * * did not relieve the prosecution of its duty to expedite the proceedings and furnish the personnel to assure the effective operation of the judicial system (People v. Sturgis, 77 Misc.2d 766, 354 N.Y.S.2d 968, affd. 46 A.D.2d 741, 362 N.Y.S.2d 438, revd. on other grds. 38 N.Y.2d 625, 381 N.Y.S.2d 860, 345 N.E.2d 331)."[FN4]
The Third Department similarly held that more is required than the mere allegation of illness:
"We are not prepared to hold, as a matter of law, that the unavailability of the attorney assigned to a case due to illness or injury is not an excludable 'exceptional circumstance'. However, if it is to be such, more must appear in the record than we have before us (see, e.g., People v. Weigand—Gordon, 138 Misc.2d 301, 524 N.Y.S.2d 134 [holding that where the Assistant District Attorney, who was hospitalized on the eve of trial as the result of an automobile accident, had devoted in excess of 100 hours preparing for trial, the case itself was extremely complex and the trial was to be delayed for three weeks, it would be absurd and unreasonable to expect the People to assign another prosecutor to the trial of the case on such short notice])." (People v Middlemiss, 198 A.D.2d 755, 756-57, 604 N.Y.S.2d 308, 309 [3d Dept., 1993]).
Second, the People must specify the period of adjournment requested or file an off-calendar statement of readiness (see, People v. Brown, supra); otherwise, the entire period of adjournment to the next court date is chargeable to the People (see, People v Labate, — NY3d —, — N.Y.S.3d —,— N.E.3d — [2024 NY Slip Op 01582, 2024 WL 1199349, at *3] [Ct App Mar. 21, 2024]; People v. Collins, 82 N.Y.2d 177, 604 N.Y.S.2d 11, 624 N.E.2d 139 [1993]; People v. Bish, 227 AD3d 1408, 210 N.Y.S.3d 559 [4th Dept., 2024]). When "the People request an adjournment to a specific date, the requested time is ordinarily charged to the People, and time beyond that is presumptively not charged to the People, because it is assumed to result from court congestion or some other factor beyond the People's control." (italics added) (People v Labate, supra; see also, People v Brown, 28 NY3d 392, 404, 68 NE3d 45, 51, 45 NYS3d 320, 326, 2016 NY Slip Op 08482, 2016 WL 7348721 [2016] ["'[a]s to periods of delay that occur following the People's statement of readiness, any period of an adjournment in excess of that actually requested by the People is excluded'"]). When no definite period is specified "and there is no indication on the record of the length of the adjournment the People were requesting *.*.*. the entire period is chargeable to the People (see People v. Collins, 82 N.Y.2d 177, 181-182, 604 N.Y.S.2d 11, 624 N.E.2d 139 [1993]; Reid, 214 A.D.2d at 397, 625 N.Y.S.2d 171; see also People ex rel. Sykes v. Mitchell, 184 A.D.2d 466, 467-468, 586 N.Y.S.2d 937 [1st Dept. 1992])." (People v Bish, supra, at 1410, 210 N.Y.S.3d 561). The People here did not specify a period of time for which an adjournment was sought due to the prosecutor's illness. Instead, the requested adjournment was of an indefinite duration rendering the entire time from April 25, 2022, to the filing of the speedy trial dismissal motion on August 25, 2022, a span of 122 days, chargeable to the People. Together with the 41 days chargeable to the People after the defendant's arraignment, a total of 163 days must be charged to the People.
As a result, the People were not ready for trial within the 90 days required by CPL §30.30(1)(b) and defendant's motion to dismiss the charges on speedy trial grounds under CPL §30.30 should have been granted. The judgment of conviction and sentence is hereby reversed on the law and facts, and the accusatory instruments are dismissed [FN5]
.. The matter is remitted to the Village of Lake Placid Justice Court for further administrative procedures which must be undertaken by that court in furtherance of this decision (CPL §470.45).
It is so ordered.
ENTER
Hon. Richard B. Meyer, J.C.C.

Footnotes

Footnote 1:April 27, 2022, was a Wednesday.

Footnote 2:The defendant did not raise the issue of whether the People's certificate of compliance with discovery was illusory, and it has not been raised on this appeal. At trial, the People introduced into evidence chain of custody records through the testimony of Assistant Chief of Police (Trial transcript pages 43-44). However, the certificate of compliance included checklists of discovery and a four-page "Compliance Report for Discovery Package: 05/14/2021 02:44". One of the checklists states that there were no chain of custody records, and the compliance report contains no reference to chain of custody records. Additionally, a supplemental certificate of compliance was filed by the People on October 16, 2023, containing updated emails, screenshot photographs and multiple videos. No reference is made in the supplemental certificate to chain of custody records. The defendant would not have known that chain of custody records existed until the trial and would have been justified in relying upon the certificates of compliance that those records did not exist.

Footnote 3:There is no claim by the prosecutor in his affirmation opposing the dismissal motion that court congestion played any part in the delay. Even if such an excuse was alleged, "court congestion does not excuse the People's failure to be ready for trial or defeat defendant's entitlement to a dismissal under CPL 30.30" (People v Bros., 50 N.Y.2d 413, 415, 429 N.Y.S.2d 558, 559, 407 N.E.2d 405, 405 [1980]). "An affidavit merely asserting a backlog of cases is insufficient to overcome the right to speedy trial relief (People v. Sturgis, 38 N.Y.2d 625, 381 N.Y.S.2d 860, 345 N.E.2d 331)" (People v Williams, 67 A.D.2d 1094, 1095, 415 N.Y.S.2d 155, 156 [4th Dept., 1979]). The prosecutor's affirmation only asserts that there was a delay "for trial after the summer for judicial economy, convenience to all parties, and convenience to potential jurors over summer vacation." It was conceded that a trial jury panel could be summoned in 30 days, and the record does not show that the earliest date for the trial to proceed was September 22, 2022. Simply put, "[t]he prosecutor's affidavit does not sufficiently set forth the facts to document the cause of the delay" (People v Williams, supra.).

Footnote 4:This case is a simple, straightforward matter. No claim was made by the ill prosecutor that he had contacted other assistant district attorneys or the district attorney to find a substitute, even if only to select a jury and hold it over for a few days while the prosecutor recovered, or the substitute prepared for trial.

Footnote 5:The remaining issues raised on this appeal need not be addressed due to "the cardinal principle of judicial restraint - if it is not necessary to decide more, it is necessary not to decide more" (PDK Laboratories Inc. v. US DEA, 362 F.3d 786, 799 [Roberts, J, concurring]; see, also, People v. Carvajal, 6 NY3d 305, 316, 812 N.Y.S.2d 395, 402, 845 N.E.2d 1225, 1232 ["We are bound, of course, by principles of judicial restraint not to decide questions unnecessary to the disposition of the appeal"]).