(April 25, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALVIN L. MOULTON, Respondent.—Mercure, J. Appeal from an order of the County Court of Clinton County (McGill, J.), entered April 20, 1990, which granted defendant's motion to dismiss the felony complaint.

Defendant was arrested July 9, 1989 for, *inter alia,* driving while intoxicated as a felony and was arraigned in Plattsburgh City Court the following day. On August 2, 1989, defendant's attorney reached an agreement with Assistant District Attorney Keith Bruno on a negotiated plea and sentence and, in furtherance thereof, defendant waived his right to a preliminary hearing and consented to prosecution of the felony charge in County Court by superior court information. On August 10, 1989, defendant's attorney telephoned Bruno and inquired whether defendant might be permitted to dispose of the charges on a misdemeanor basis if he were able to provide information concerning local drug sales. Bruno acknowledged that possibility and provided defendant's attorney with the name and telephone number of the State Police investigator to contact. There were no further proceedings on the charges against defendant until March 6, 1990 when defendant moved pursuant to CPL 30.30 to dismiss the felony complaint on speedy trial grounds. The People opposed the motion, contending that the 111-day period from August 10, 1989 to November 28, 1989 should be charged to defendant because of his request that the matter be placed "on hold" pending his discussions with the State Police. In response, defendant's attorney denied that any such request had been made. After considering the conflicting allegations of the parties, County Court determined that the People had failed to meet their burden of establishing that any period should be charged to defendant and accordingly granted the motion. The People appeal.

We affirm. While, arguably, a defendant may implicitly waive his right to a speedy trial by requesting or expressly acquiescing in a delay of the proceeding *(see, People v Friscia,* 70 AD2d 709; *People v Panarella,* 50 AD2d 304, 306), here the record supports County Court's factual determination that the

People had established no such waiver. In our view, the People's contention that defense counsel could have expected Bruno to interpret the August 10, 1989 telephone call as a request that further prosecution be temporarily suspended is wholly speculative, has no support in the record and provides no factual or legal basis for denial of defendant's motion.

Order affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.