■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BEN STERLING, Respondent.—Mercure, J. Appeal from an order of the County Court of Clinton County (Lewis, J.), entered September 27, 1990, which granted defendant's motion to dismiss the indictment.

In August 1988, a felony complaint charging defendant with assault in the second degree was filed in the Town Court of the Town of Champlain, Clinton County. The proceedings were adjourned several times at the request of the People and, ultimately, by letter to Town Court dated October 19, 1988, the People sought to dismiss the complaint "without prejudice". By letter dated October 21, 1988, defendant's attorney advised Town Court that he had no objection to the People's

request "as long as defendant is given notice of the Grand Jury presentation" and his bail is exonerated. By notice dated November 14, 1989, defendant was advised that the matter would be submitted to a Grand Jury on November 29, 1989. The Grand Jury proceeded to hear the matter over defendant's objection as to timeliness and returned an indictment charging defendant with assault in the first degree (two counts) and assault in the second degree. Following arraignment in County Court, defendant moved to dismiss the indictment, *inter alia,* on statutory speedy trial grounds *(see,* CPL 30.30). The People opposed the motion, arguing that the time period from the dismissal of the felony complaint to submission of the matter to the Grand Jury should be charged to defendant pursuant to CPL 30.30 (4) (b) because he consented to the "open-ended" dismissal. County Court granted defendant's motion and dismissed the indictment, and the People now appeal.

The sole issue to be determined on appeal is whether, as contended by the People, defendant's consent to dismissal of the felony complaint was the equivalent of consent to an indefinite "continuance" *(see, ibid.),* thus effecting a waiver of his speedy trial rights *(see, People v Worley,* 66 NY2d 523). We find no factual, legal or logical basis for the People's contention and accordingly affirm. We begin with the self-evident proposition that a dismissal is not a "continuance", and CPL 30.30 (4) (b) is limited by its terms to "delay resulting from a *continuance* granted by the court at the request of, or with the consent of, the defendant or his counsel" (emphasis supplied). Further, nothing in the October 21, 1988 letter of defendant's attorney or the surrounding circumstances even suggests that defendant consented to a delay in submission of the matter to a Grand Jury or intended to waive his speedy trial rights *(see, People v Moulton,* 172 AD2d 1001). To the contrary, the obvious purpose for the letter, aside from securing the return of bail, was to preserve defendant's right to notice of the Grand Jury proceeding against him, a procedural protection normally present only when there is pending a "currently undisposed of felony complaint" (CPL 190.50 [5] [a]).

In our opinion, the status of the criminal proceeding following the dismissal of the felony complaint was no different from one in which a finding has been made following a preliminary hearing that there is not reasonable cause to believe that the defendant committed any offense *(see,* CPL 180.70 [4]). In such a case, all of the time which elapsed from the dismissal of the complaint to the submission of the matter

to the Grand Jury would ordinarily be charged to the People because a defendant could do nothing to impede or prevent an indictment *(see, People v Meierdiercks,* 111 AD2d 769, 771, *affd* 68 NY2d 613). Under the circumstances, we agree with County Court that the People failed to meet their burden of establishing that the period from October 21, 1988 to November 29, 1989 was chargeable to defendant *(see, People v Berkowitz,* 50 NY2d 333, 349).

Mahoney, P. J., Weiss and Levine, JJ., concur. Ordered that the order is affirmed.