■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRETT WOODWORTH, Appellant, v JAMES L. CAMPBELL, as Sheriff of Albany County, Respondent.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), entered March 12, 1991, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Defendant was arrested on June 8, 1990 and charged with first degree burglary, third degree assault and fourth degree criminal mischief. After a preliminary hearing, apparently held on June 22, 1990, defendant was held for action by the Grand Jury with bail set at $7,500. Unable to post bail, defendant initiated a habeas corpus proceeding seeking his release pursuant to CPL 190.80 for lack of any Grand Jury disposition for over 45 days following his confinement. The writ was made returnable on August 10, 1990 at 11:00 A.M. On August 9, 1990 defendant was notified through the Public Defender's office that his case was scheduled for presentation to the Grand Jury on August 10, 1990 at 9:00 A.M. The Grand Jury subsequently indicted defendant on charges of second degree burglary and third degree assault. A few hours later, defendant appeared before County Court on his habeas corpus application. In view of the indictment, County Court dismissed the proceeding as moot and this appeal followed.

We affirm. CPL 190.80 establishes 45 days as the maximum time a defendant may be held while waiting Grand Jury action, absent consent or good cause shown (CPL 190.80). Accordingly, *"upon a defendant's application* he must be released from custody on his own recognizance where he has been held for action of a Grand Jury on the basis of a felony complaint and has been committed to custody pending such Grand Jury action for a period in excess of 45 days" *(People v*

*Daniel P.,* 94 AD2d 83, 87 [emphasis supplied]). Insomuch as defendant was indicted on the same day that he was produced on his habeas corpus application, the merits of the application were rendered *moot (see,* CPL 190.80).

Weiss, Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed, without costs.