(November 12, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BATTAGLIA, Appellant.—Levine, J. Appeal from a judgment of the County Court of Schenectady County (Reilly, J.), rendered April 20, 1990, upon a verdict convicting defendant of the crimes of burglary in the third degree, petit larceny, criminal mischief in the fourth degree and criminal possession of stolen property in the fifth degree.

Defendant's initial indictment was dismissed without prejudice. County Court noted that, in light of a prior decision on a motion by defendant to dismiss the indictment pursuant to CPL 30.30, the People had 10 days to establish their readiness for trial by reindicting and arraigning defendant. Defendant

was reindicted and arraignment was scheduled on February 24, 1989, the 10th day after the dismissal of the original indictment. Defendant did not appear, however, and it was disclosed by defense counsel that he was serving a sentence in the Saratoga County Jail after having been convicted of a misdemeanor in a Town Justice Court in Schenectady County and being transferred to serve his sentence due to overcrowding in the Schenectady County Jail. The People nevertheless announced their readiness for trial at that time. County Court rescheduled the arraignment for March 3, 1989. Defendant subsequently moved to dismiss the indictment pursuant to CPL 30.30. County Court denied the motion, finding that defense counsel consented to the adjournment by failing to object thereto and that the arraignment was therefore timely. Thereafter, the case went to trial, resulting in the conviction from which defendant now appeals.

As agreed to by both sides,* the dispositive issue on this appeal is whether the adjournment of the case on February 24, 1989, the last day of the statutory period for bringing defendant to trial, was not properly chargeable to the People by reason of defense attorney's consent to the adjournment or other waiver of defendant's rights under CPL 30.30. The key colloquy during the proceeding on February 24, 1989 ensued after County Court and the prosecution were informed of defendant's absence because of his incarceration in the Saratoga County Jail on a commitment to the Sheriff of Schenectady County:

"THE COURT: Well, okay, then I guess—when would you like to come down again? I mean, *we're not going to be able to produce him today, I guess* (emphasis supplied).

"MR. KRZYS: I could appear any day except the 28th, Judge— or the 3rd.

"THE COURT: Who is this now?

"MR. GREENE: Michael Battaglia [defendant].

"THE COURT: The 28th and the 3rd are bad days?

"MR. KRZYS: They're bad days. Well, let me say this—no, the 3rd is a good day in the afternoon."

Based upon the foregoing, County Court ruled that a waiver of statutory speedy trial rights took place by defense counsel's failure to object. Also, the People claim that defense counsel's

---

* With commendable candor, the People concede in their brief that exceptional circumstances do not exist to excuse the failure to produce defendant for arraignment on February 24, 1989.

response led them to believe that the defense was agreeable to an adjournment to March 3, 1989.

Neither of these arguments for affirmance is tenable under case law handed down subsequent to the adjournment in question. In *People v Liotta* (79 NY2d 841), the Court of Appeals rejected the contention that a defendant's failure to object to an adjournment constitutes a consent thereto, holding instead that "consent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of the responsibility for that portion of the delay" *(supra,* at 843). Here, no such explicit consent was given by the defense in response to the trial court's announcement that defendant could not be produced for arraignment on February 24, 1989, the final day of the statutory period. Rather, defense counsel was simply not given any choice regarding the production of defendant for arraignment and trial within the statutory period ending on that day. Once that period was exceeded by *any* adjournment, the defense attorney's agreement to appear on a specific subsequent date for defendant's arraignment was ineffectual as a waiver of defendant's statutory speedy trial rights. Nor, in light of our recent decision in *People v Moulton* (172 AD2d 1001, 1002), was there anything said during the colloquy which was legally sufficient to establish that the prosecution was misled into forgoing any opportunity it might have had to produce defendant for arraignment and trial later in the day of February 24, 1989. Furthermore, because the People could not proceed to trial in the absence of a proper arraignment *(see, People v Marsh,* 127 AD2d 945, 947, *lv denied* 70 NY2d 650), the People's statement of readiness on February 24, 1989 was ineffectual.

For all the foregoing reasons, the judgment of conviction must be reversed, and the indictment dismissed, on the ground that defendant was deprived of his statutory right to a speedy trial under CPL 30.30.

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.