■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CRAIG E. WIGGINS, Appellant. [603 NYS2d 81] —Mercure, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), rendered November 18, 1991 in Delaware County, upon a verdict convicting defendant of the crime of attempted arson in the first degree.

We previously remitted this matter to Supreme Court for a hearing and redetermination of defendant's motion to dismiss the indictment pursuant to CPL 30.30 (194 AD2d 840). The hearing was conducted June 15, 1993. Supreme Court rendered a written decision on July 21, 1993 denying defendant's motion upon the ground that, of a total delay of 378 days from the filing of the felony complaint on September 10, 1990 to the People's expression of readiness at the start of the September 23, 1991 trial, 236 days were chargeable to defendant, leaving only 142 days chargeable to the People. The appeal is now before us for final determination.

Initially, we note that, aside from their unavailing attack on the timeliness of the motion *(see, supra)*, in Supreme Court and on the initial appeal to this Court the People limited their opposition to defendant's CPL 30.30 motion to the claim that defendant should be charged with delay resulting from his absence from New York prior to April 17, 1991. Accordingly, we remitted the matter to Supreme Court for a hearing on the limited question of the People's "due diligence in attempting to secure defendant's presence for trial or determine his location" *(supra,* at 842). However, at the hearing conducted in response to our direction, Supreme Court permitted the People to greatly expand the scope of their opposition and accepted proof concerning all time periods from the filing of the accusatory instrument to trial. In its decision, Supreme Court charged defendant with extended periods of time following his return to New York, i.e., 83 days consumed by discovery, defendant's omnibus motion and a *Wade* hearing, and 14 days resulting from adjournment of the trial from September 9, 1991 to September 23, 1991. This was clearly error as the People never raised a factual issue and were not entitled to a hearing with regard to these periods *(see, People v Santos,* 68 NY2d 859, 861-862; *People v Auslander,* 168 AD2d 759, 760).

Further, even overlooking the fact that they too are outside the scope of our remittal, we conclude that Supreme Court erred in excluding two distinct time periods prior to defendant's return to New York: (1) a 14-day period from the filing of the felony complaint to defendant's engagement of counsel on September 24, 1990, because defendant was without coun-

sel, and (2) 88 days from October 1, 1990 to December 27, 1990, when there were "ongoing negotiations" between the People and defendant's counsel. As to the first, the People never contended, in opposition to defendant's original motion, on the initial appeal to this Court, in their prehearing memorandum or at the hearing itself, that defendant should be charged with any time prior to October 1, 1990. Accordingly, it is not surprising that the record is silent on the question of whether defendant was represented by counsel before he retained Michael Breen on September 24, 1990. Clearly, there is no basis for Supreme Court's exclusion of the time from September 10, 1990 to September 24, 1990. Second, even accepting the contention that the parties engaged in plea negotiations between October 1, 1990 and December 27, 1990, there is no evidence that defendant ever requested or acquiesced in a delay of the proceedings (see, CPL 30.30 [4] [b]; *People v Sterling,* 176 AD2d 1119, 1120-1121; *People v Moulton,* 172 AD2d 1001; *People v Meierdiercks,* 111 AD2d 769, 771, *affd* 68 NY2d 613; *cf., People v LoPizzo,* 151 AD2d 614, *lv denied* 75 NY2d 772). To the contrary, the People make no claim of any such waiver and the record establishes that the limited plea negotiations did not prevent the People from obtaining an indictment and bringing the matter to trial (see, *People v Meierdiercks, supra).*

The People currently concede that there is insufficient evidence to support a finding that defendant was absent or unavailable prior to March 5, 1991 (a position borne out by the record) and the parties have stipulated that defendant was arrested on March 30, 1991, waived extradition and was returned to New York on April 4, 1991, and was arraigned in Delaware County on April 17, 1991. As such, the maximum amount of time that could be charged to defendant as the result of his absence or unavailability is 43 days. Reducing the total delay of 378 days by 43 days leaves 335 days, 155 days in excess of the statutory maximum of 180 days (see, CPL 30.30 [1] [a]). Under the circumstances, we are required to reverse the judgment of conviction and dismiss the indictment.

In view of the foregoing, defendant's alternative bases for reversal are rendered academic and need not be discussed.

Weiss, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.