■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WOODWARD, Appellant. [631 NYS2d 965] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of felony driving while intoxicated, following too closely, and criminal mischief in the fourth degree. We reject the contention of defendant that he was denied his statutory right to a speedy trial (see, CPL 30.30 [1]) but disagree with Supreme Court's analysis of the issue. Defendant was arraigned on a felony complaint on October 3, 1992, and the matter was adjourned to October 15, 1992 so that defendant could retain counsel. The court properly excluded that 12-day period as time during which "the defendant [was] without counsel through no fault of the court" (CPL 30.30 [4] [f]; see, People v Reinhardt, 206 AD2d 913; People v Stefano, 159 AD2d 1016).

On October 15, 1992, defendant failed to appear, and the court, at the People's request, adjourned the matter to October 22, 1992. The court improperly considered that time excludable pursuant to CPL 30.30 (4) (f). The matter was adjourned because defendant failed to appear, not because he was without counsel. That time is not excludable pursuant to CPL 30.30 (4) (c) because defendant was neither "absent" nor "unavailable" within the meaning of that subdivision and because the court did not issue a bench warrant.

Defendant appeared on October 22, 1992 and, for the first time, indicated that he had been laid off from work and could not afford an attorney. The matter was adjourned to October 29, 1992 to enable defendant to meet with the Public Defender for a determination of eligibility for representation. The trial court erroneously concluded that that 7-day period was chargeable to the People because defendant had not been advised of his speedy trial rights and could not be deemed to have consented to the adjournment (see, CPL 30.30 [4] [b]). That subparagraph has no application here. Rather, the matter was

adjourned on October 22 because defendant was without counsel "through no fault of the court" (CPL 30.30 [4] [f]; *see, People v DeLaRosa,* 184 AD2d 302, 303-304, *lv denied sub nom. People v Rosario,* 80 NY2d 933). Thus, we conclude that the period between October 22 and October 29, 1992 is excludable.

Defendant does not challenge the court's determination that a 25-day delay occasioned by defense counsel's request for an adjournment is excludable pursuant to CPL 30.30 (4) (b). The People announced readiness six months and 40 days after commencement of the action. Because 44 days are excludable, the People's announcement of readiness was timely.

We agree with defendant that the trial court should have granted his request for a circumstantial evidence charge. The failure to do so, however, was harmless. The circumstantial proof that defendant was the operator of the vehicle and that he damaged the floor drain cover in the cell at the police station was overwhelming, and there is no reasonable possibility that the jury would have acquitted defendant had the circumstantial evidence charge been given *(see, People v Brian,* 84 NY2d 887, 889; *People v Sumter,* 173 AD2d 659, *lv denied* 78 NY2d 975). We also conclude that the verdict is not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Felony Driving While Intoxicated.) Present—Green, J. P., Lawton, Callahan, Balio and Boehm, JJ.