■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE R. MABB, Appellant. [638 NYS2d 837] —Mercure, J.

The only issue raised on appeal concerns the propriety of County Court's denial of defendant's motion to dismiss the indictment on statutory speedy trial grounds (CPL 30.30) (an issue expressly reserved for appeal at the time of defendant's guilty plea), and particularly its determination to charge defendant with the period from November 15, 1993 to January 5, 1994 as time "excludable due to ongoing plea negotiations" (*see, People v Hughes*, 180 AD2d 908, 909, *lv denied* 80 NY2d 1027; *People v LoPizzo*, 151 AD2d 614, *lv denied* 75 NY2d 772; *cf., People v Wiggins*, 197 AD2d 802, 803-804). We are not persuaded by the arguments advanced by defendant and accordingly affirm.

The record establishes that on November 15, 1993, the People sent defendant a letter offering to dispose of the matter with a negotiated plea and sentence or, alternatively, providing notice of their intention to present the matter to a Grand Jury if the offer was not accepted. Although the notice of Grand Jury presentment forwarded with the November 15, 1993 letter had the effect of terminating defendant's prior written acceptance of responsibility for delay attributable to a previously requested adjournment, the simultaneous offer of a negotiated resolution of the charges against defendant created a wholly independent basis for charging defendant with the time reasonably devoted to defendant's consideration of the offer. Nor are we persuaded by the affidavit of William Montgomery, the outgoing District Attorney whose term of office expired on December 31, 1993, to the effect that it had been his "policy" to "accept" CPL 30.30 delay occurring subsequent to transmission of a letter such as that forwarded to defendant on November 15, 1993, which we view as lacking in probative value.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.