■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CROGAN, Appellant. [655 NYS2d 163] —Spain, J. Appeal from a judgment of the County Court of Rensselear County (McGrath, J.), rendered March 10, 1995, upon a verdict convicting defendant of the crimes of burglary in the second degree (three counts) and petit larceny.

This criminal proceeding was commenced against defendant when he was arrested on November 24, 1993. Thereafter, on May 27, 1994, an indictment was filed charging defendant with three counts of burglary in the second degree and one count of petit larceny. On May 28, 1994 the People filed their statement of readiness for trial. Defendant later moved pursuant to CPL 30.30 to dismiss the indictment on the basis that his speedy trial rights were violated; following a hearing, County Court denied the motion. Defendant was subsequently convicted after a jury trial of the crimes charged in the indictment. Defendant appeals.

We affirm. In denying defendant's motion, County Court found that the preindictment delay between May 7, 1994 and May 23, 1994 was excludable because it was attributable to defendant's consideration of a plea offer which had been conveyed by the People. After deducting this time period from the time between the commencement of the criminal proceeding and the date the People declared their readiness for trial, County Court concluded that the People were responsible for a total delay of 167 days and that defendant's speedy trial rights were not violated. Defendant contends that this was error inasmuch as he did not consent to a waiver of his speedy trial rights in connection with the plea offer.

The time during which plea negotiations are pending is excludable from the time period for conducting a speedy trial as long as the defendant requests or acquiesces in the delay of the proceedings (*see, People v Mabb*, 225 AD2d 813; *People v Wiggins*, 197 AD2d 802, 804; *People v LoPizzo*, 151 AD2d 614, 615, *lv denied* 75 NY2d 772). Acquiescence in the delay may be inferred from defense counsel's consent to the delay on behalf of the defendant (*see, People v Rodriguez*, 212 AD2d 368, 369,

*lv denied* 85 NY2d 913). In the case at hand, a plea offer was made during a conference held on May 6, 1994 at which defense counsel and the District Attorney were present. According to the District Attorney, defense counsel consented to an adjournment of the proceedings to allow defendant time to consider the plea offer. Thereafter, by letter dated May 23, 1994, defense counsel advised the District Attorney that defendant had rejected the plea offer and that any further delay of the proceedings was not consented to for purposes of CPL 30.30. Notably, defense counsel did not contest the District Attorney's recitation of the facts at the hearing held in County Court. Under these circumstances, defense counsel effectively consented to a delay in the proceedings on behalf of defendant for purposes of considering the plea offer. Accordingly, we find that County Court properly excluded this time period and correctly concluded that defendant's speedy trial rights were not violated.

We have considered the remaining contentions raised by defendant in his supplemental *pro se* brief and find them to be either unpreserved for appellate review or without merit.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.