■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DOUGAL, Appellant. [698 NYS2d 66] —Peters, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered February 19, 1998 in Rensselaer County, upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicenced operation of a motor vehicle in the first degree and the violation of leaving the scene of an incident without reporting property damage.

On the evening of April 5, 1997, Police Officer Michael Smith was dispatched by radio to the scene of an accident in the City of Rensselaer, Rensselaer County. He observed an unoccupied pickup truck which had driven into a row of parked cars.

Individuals standing in the vicinity of the accident identified defendant, who was walking down the street, as the driver of the truck. Smith called loudly for him to stop but defendant ignored him. Smith then radioed that he had a property damage hit-and-run accident and that the driver was leaving the scene. After being provided with a brief description of defendant, Sergeant John Dunn observed him stepping into a driving lane about a half a block away from the accident scene. After his instructions to defendant to return to the sidewalk were ignored, Dunn and his canine partner caused defendant, now mumbling and insisting on crossing the street, to get out of harm's way.

Smith proceeded to the area where Dunn and defendant were located and administered the "walk and turn" and "one leg stand" field sobriety tests, which defendant was unable to successfully complete. During this time, defendant admitted to Dunn that he was the driver involved in the accident and made additional comments such as "Just do what you have to do" and "Just take me to jail." Upon further observation of his glassy eyes, slightly slurred speech, unusual gait and odor of an alcoholic beverage on his breath, Dunn placed him under arrest. At the police station, after being advised of DWI warnings, defendant refused to submit to a breathalyzer chemical test. He was thereafter indicted and ultimately found guilty by a jury of driving while intoxicated, aggravated unlicenced operation of a motor vehicle in the first degree and leaving the scene of an incident without reporting property damage.

On this appeal, defendant contends, *inter alia*, that the verdict was against the weight of the evidence and that the trial evidence was legally insufficient to establish his guilt. Upon considering the proffer to the jury of the testimony of both Dunn and Smith who recounted defendant's demeanor at the accident scene and his failed attempts to pass the field sobriety tests, coupled with that of a third police officer who observed him immediately after his arrival at the police station, we find a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495, *lv denied* 72 NY2d 856). In further performing a weight-of-the-evidence review, we find that since the trial evidence did not include any medical testimony regarding injuries sustained by defendant as a result of the accident, a different finding would not have been reasonable (*see, id.*, at 495).

We similarly reject any contention of error in the denial of defendant's speedy trial motion (*see,* CPL 30.30). The record reveals that on April 22, 1997, defendant's former attorney of record waived his right to a speedy trial so as to insure appropriate preindictment plea negotiations. Since the trial court properly determined that the period of time between this waiver and the date of the indictment was not chargeable to the prosecution and that the attorney who executed the waiver had the authority to do so (*see, People v Crogan,* 237 AD2d 745, *lv denied* 90 NY2d 857), we decline further review.

We further find no error in Supreme Court's denial of the motion to suppress statements made to the police during the administration of the field sobriety tests. As recently reiterated by the Court of Appeals, *"Miranda* warnings are not required to allow the results of field sobriety tests into evidence" (*People v Berg,* 92 NY2d 701, 703) and such "warnings are not required in order to admit the results of chemical analysis tests, or a defendant's refusal to take such tests" (*id.,* at 703). Since individuals who are temporarily detained pursuant to a routine traffic stop are not considered to be in custody for the purposes of *Miranda,* defendant's roadside detention cannot be deemed custodial (*see, People v Hasenflue,* 252 AD2d 829, *lv denied* 92 NY2d 982). Moreover, as the record reveals that most of the statements made by defendant in the course of the field sobriety tests were volunteered and not the product of police questioning or its " 'functional equivalent' " (*People v Bryant,* 59 NY2d 786, 788, quoting *Rhode Island v Innis,* 446 US 291, 300-301), their extemporaneous nature rendered them admissible (*see, People v Huffman,* 61 NY2d 795).

Finding no error in the use of demonstrative evidence "based on the nature of the proffered proof and the context in which it [was] offered" (*People v Acevedo,* 40 NY2d 701, 704) and given defendant's failure to preserve the challenge to Supreme Court's charge to the jury (*see,* CPL 470.05 [2]; *see also, People v Vargas,* 88 NY2d 363, 381), we affirm the judgment of conviction in its entirety.

Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.