■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW DUGAN, Appellant. [711 NYS2d 531] —Mugglin, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 12, 1999, convicting defendant following a nonjury trial of the crimes of operating a motor vehicle while under the influence of alcohol (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

The sole issue presented on this appeal is whether County Court correctly denied defendant's motion for dismissal of the indictment pursuant to CPL 30.30 for violating his right to a speedy trial. The salient dates are as follows. On May 29, 1997, defendant was arrested for felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle; he was arraigned on June 2, 1997 and granted an adjournment to obtain counsel; on June 23, 1997, the adjourned date, defendant appeared without counsel but informed the court he had retained an attorney whereupon the court adjourned the matter to July 14, 1997. Defendant failed to appear on that date and the court adjourned the matter in lieu of issuing a bench warrant to August 4, 1997, but when defendant did not appear, County Court ordered the issuance of a bench warrant which was then issued on August 6, 1997.

On January 28, 1998, defendant was arrested pursuant to the bench warrant and given an appearance ticket returnable February 2, 1998, on which date defendant appeared and asked to be represented by the Public Defender's office. County Court adjourned the matter to February 23, 1998 when defendant appeared with the Public Defender, who consented to a further adjournment to explore the possibility of a plea bargain. When that did not occur, defendant and counsel appeared on March 16, 1998, waived a felony hearing and consented that the matter be presented to a Grand Jury. On April 7, 1998, defendant retained Andrew Jacobs as his attorney. When plea bargain negotiations failed, the People sent a notice of presentment to the Grand Jury on August 4, 1998, an indictment was returned

on August 7, 1998 and defendant was arraigned on the indictment on August 11, 1998, at which time the People filed the required notice and announced that they were ready for trial.

County Court held a hearing to resolve issues of fact concerning the speedy trial motion at which the testimony of Jacobs and two Assistant District Attorneys were taken on the issue of whether or not Jacobs had waived his client's speedy trial objections. County Court determined that the Assistant District Attorneys' testimony was the more credible and that sometime in April 1998 defendant, through counsel, had waived his speedy trial objections. Since the exact date was uncertain, however, in fairness to defendant, County Court determined that the waiver first occurred on April 30, 1998. The court determined that the following time periods were chargeable to the People: May 30, 1997 (the day after arrest) to June 2, 1997 (the date of arraignment and request for an adjournment to obtain counsel); March 16, 1998 (the date of the Grand Jury presentment waiver) to April 30, 1998 (the date determined by the court to be the waiver of defendant's speedy trial objection); and August 4, 1998 (the date of the notice of presentment to the Grand Jury) to August 11, 1998 (the date the People announced they were ready for trial), for a total of 58 days.

Although our calculations differ somewhat, we affirm the judgment of conviction because we find that the People declared their readiness to proceed to trial well within the six-month period prescribed by CPL 30.30 (1) (a) after deducting appropriate excludable time periods (*see, People v Sinistaj*, 67 NY2d 236, 239; *People v Osgood*, 52 NY2d 37, 43; *see also, People v Luperon*, 85 NY2d 71).

Defendant contends that the June 2, 1997 through June 23, 1997 period is excludable since the record does not clearly establish that defendant requested an adjournment and County Court failed to advise him as required by CPL 30.30 (4) (b). The argument is unpersuasive and the time properly excluded since defendant requested an adjournment to obtain counsel (*see*, CPL 30.30 [4] [f]; *People v Woodward*, 219 AD2d 837, *lv denied* 87 NY2d 1027).

Defendant further contends that the period from July 14, 1997 through August 6, 1997 is chargeable to the People and we agree. Here, the matter was adjourned because defendant failed to appear, not because he was without counsel. Defendant was neither "absent" nor "unavailable" within the meaning of CPL 30.30 (4) (c) until County Court issued a bench warrant (*see, People v Woodward, supra*, at 837). Consequently,

the People are chargeable with this period of 23 days. Thereafter, from August 6, 1997 to January 28, 1998 (the date of defendant's arrest pursuant to the bench warrant), the time is clearly excludable (*see*, CPL 30.30 [4] [c] [ii]). Moreover, the time from January 28, 1998 (arrest) through his arraignment with respect to the bench warrant on February 2, 1998 is excludable (*see*, *People v Muhanimac*, 181 AD2d 464, *lv denied* 79 NY2d 1052; *see also*, CPL 30.30 [4] [c] [ii]). Also, the period from February 2, 1998 through March 16, 1998 was properly excluded since the matter was adjourned either to allow defendant to obtain counsel or on the express consent of defendant and counsel (*see*, CPL 30.30 [4] [b]).

Defendant's last argument is also unpersuasive. He contends that the period from March 16, 1998 to August 11, 1998 is excludable since his retained counsel had continuous and repeated contacts with the District Attorney's office concerning plea negotiations in an effort to resolve the case. On this record, we find no reason to disturb County Court's assessment of credibility and the weight to be given to the testimony concerning the waiver of defendant's speedy trial objections. In sum, therefore, we conclude that of the elapsed time from May 29, 1997 to August 11, 1998, only 81 days are chargeable to the People.

Crew III, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).