■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY L. PHILLIPS, Appellant. [715 NYS2d 793] —Graffeo, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered December 2, 1998, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

On appeal from his conviction after a jury trial, defendant asserts that County Court erred in allowing the admission of several statements he made to police following his arrest and that the indictment should have been dismissed on speedy trial grounds. We disagree with both contentions.

As defendant's challenge to the admissibility of statements he made during custodial interrogation is directed at the circumstances surrounding the questioning and not at the propriety of the events leading up to his arrest, we focus our attention on the relevant evidence adduced at the suppression hearing. The police officers who arrested and interrogated defendant testified as follows. After defendant, a passenger in an automobile subjected to a motor vehicle stop, was found to be in possession of marihuana, a small bag of a white substance later determined to be six grams of heroin and $1,500, he was arrested and transported to a State Police barracks for processing. *Miranda* warnings were administered and defendant was asked to identify the white substance discovered on his person. He responded that it was "china white," apparently a reference to a type of heroin. Defendant was then questioned further by another investigator after *Miranda* warnings were issued a second time. In the course of this interrogation, defendant indicated that he purchased the heroin in the City of Albany for $700 and intended to trade it for marihuana. When asked whether he was employed, defendant responded that he was engaged in the "wholesale-retail" business. He later stated that the other bag found on his person contained "weed." During this questioning, defendant did not request an attorney.

As defendant failed to offer evidence supporting a different version of the events, the suppression court credited the police officers' testimony, finding that there was no indication of impropriety and, as such, defendant's statements were admissible. On this appeal, defendant contends that County Court erred because his remarks to police were not "spontaneous"

but were elicited in the course of interrogation. As it is undisputed that defendant was apprised of his constitutional rights before the questioning at issue and that he never requested an attorney, and there being no proof of undue coercion or other misconduct, "[t]he record offers no basis upon which to conclude that defendant's statement[s] to the police [were] anything but voluntary after a knowing, voluntary and intelligent waiver of his constitutional rights" (*People v Thomas*, 273 AD2d 606, 607, *lv denied* 95 NY2d 872; *see,* CPL 60.45). Accordingly, we find that the statements were properly admitted at trial.

Similarly, although almost 10 months elapsed between defendant's arrest and the People's statement of readiness to proceed to trial, we reject defendant's assertion that the indictment should have been dismissed on speedy trial grounds. Following his arrest on May 16, 1997, defendant was charged by information with unlawful possession of marihuana and criminal possession of a controlled substance in the third degree. A preliminary hearing was conducted on May 30, 1997 and the case was bound over for action by the Grand Jury. Bail was set but defendant was apparently unable to post a bond and remained incarcerated throughout the proceedings.

Defendant was assigned counsel soon after his arrest but he quickly expressed dissatisfaction with his first attorney and a second was appointed. Alleging that he had witnessed defendant engaging in erratic behavior, his attorney petitioned County Court in June 1997 for a CPL article 730 competency examination. As the matter was then scheduled to be presented to the Grand Jury the following month, defense counsel requested in writing that the prosecutor defer the presentment, expressly waiving defendant's speedy trial rights.* The People complied.

Defendant then sent correspondence to the District Attorney contradicting the requests in his attorney's letter and, at a July 1997 court appearance, indicated that he did not wish to undergo a competency examination or to waive his speedy trial rights. Nonetheless, County Court ordered a competency examination and, in August 1997, defendant was determined competent to stand trial.

Plea negotiations ensued. Defense counsel communicated the People's plea offer to defendant on at least three occasions but defendant refused to consult with his attorney or to respond to

---

* Although defendant did not include a copy of this letter in the record on appeal, there are numerous references to the letter and its contents therein.

his correspondence over a period of several weeks. At a December 10, 1997 conference with County Court, defendant asked that his attorney be discharged. The court granted defendant's request and adjourned the matter for one week so that a third attorney could be assigned. At the request of the newly-appointed defense counsel, the matter was then adjourned to January 1998.

In late January, defendant's attorney filed a motion seeking defendant's release on his own recognizance under CPL 190.80 based on the People's delay in presenting the case to the Grand Jury. The People opposed the motion, asserting that all but 32 days since defendant's arrest were excludable from speedy trial consideration. At that time, the Grand Jury presentment was already underway but its completion had been delayed due to the temporary unavailability of one of the police officers. A hearing on the motion was conducted in late February and County Court reserved decision.

Soon thereafter, defendant was indicted and the People announced readiness for trial at his arraignment on March 11, 1998. Defendant again asserted that he was unwilling to work with his assigned defense counsel. County Court granted defendant's request to represent himself but ordered the assigned attorney to remain available to assist him. *Pro se* motions to dismiss the indictment on speedy trial grounds were then submitted, but were denied upon the court's determination that there was sufficient excludable time between the date of arrest and the People's statement of readiness.

Upon our review of the record, "we affirm the judgment of conviction because we find that the People declared their readiness to proceed to trial well within the six-month period prescribed by CPL 30.30 (1) (a) after deducting appropriate excludable time periods" (*People v Dugan*, 273 AD2d 704, 705; *see*, *People v Sinistaj*, 67 NY2d 236, 239; *People v Osgood*, 52 NY2d 37, 43; *see also*, *People v Luperon*, 85 NY2d 71). As defendant's competency was at issue between June 24, 1997 and August 19, 1997, this period of 56 days must be excepted from consideration in assessing the timeliness of the proceedings (*see*, CPL 30.30 [4] [a]). While we observe that there is no indication that the June 24, 1997 express waiver of speedy trial rights was ever rescinded either by defendant's attorney or by defendant himself after he was deemed competent, we need not rely on the letter waiver in resolving the speedy trial issue. Since defendant's second assigned attorney aggressively pursued plea negotiations until December 10, 1997, the date he was relieved from representing defendant, we are of the

view that much of the delay occasioned by those efforts is chargeable to defendant (*see, People v Dougal*, 266 AD2d 574, *lv denied* 94 NY2d 879; *People v Crogan*, 237 AD2d 745, *lv denied* 90 NY2d 857). In particular, defendant is directly responsible for impeding progress during this time period, as is evident from his refusal to communicate with his own attorney for a period of 57 days (October 14, 1997 through December 10, 1997), thereby preventing defense counsel from responding to the People's outstanding plea offer. As this interval was devoted to defendant's consideration of a plea offer, it is clearly excludable (*see, People v Mabb*, 225 AD2d 813).

Furthermore, the People are not responsible for the 35 days of delay resulting from adjournments requested by defendant's first and third attorneys (May 21, 1997 through May 28, 1997 and December 17, 1997 through January 14, 1998) as well as an additional seven days (December 10, 1997 through December 17, 1997) which are deducted to account for the period when defendant was unrepresented after the discharge of his second attorney (*see*, CPL 30.30 [4] [b]; *People v Dugan*, 273 AD2d 704, 706, *supra*). In sum, as more than 155 of the 299 days between the arrest and the People's statement of readiness are excludable from the 180-day speedy trial time requirement, dismissal of the indictment was not warranted.

To the extent that defendant purports to appeal from the denial of his CPL 190.80 motion for release on his own recognizance predicated on the alleged failure to indict him within 45 days of his arrest, we note that such a challenge became moot when the indictment was issued on March 4, 1998 (*see, People ex rel. Miller v Knowlton*, 239 AD2d 655; *People ex rel. Woodworth v Campbell*, 176 AD2d 1141).

Cardona, P. J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.