THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSS COOPER, Appellant. [725 NYS2d 780] —Judgment unanimously affirmed. Memorandum: While in custody awaiting Grand Jury action on charges of criminal possession of a controlled substance in the third and fourth degrees, defendant consented to a 30-day extension of the statutory time period set forth in CPL 190.80 in order to continue to discuss a preindictment plea offer. The Grand Jury returned an indictment against defendant prior to the expiration of that 30-day extension, and the preindictment plea offer was no longer available. Defendant subsequently pleaded guilty to criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). As a condition of the plea agreement, defendant waived the right to appeal. During the plea colloquy, however, defendant attempted to preserve the right to appeal the issue whether the People properly obtained an indictment prior to the expiration of the 30-day extension. On appeal, defendant contends that his waiver of the right to appeal was neither knowing nor intelligent with respect to that issue. Even assuming that defendant preserved his right to seek appellate review of the contention that the People acted improperly in indicting him before the expiration of the 30-day extension, we conclude that there is no merit to that contention. Pursuant to CPL 190.80, a defendant may not be held for more than 45 days while awaiting Grand Jury action, absent the consent of defendant or good cause shown (see, People ex rel. Woodworth v Campbell, 176 AD2d 1141). Thus, "upon a defendant's application he must be released from custody on his own recognizance where he has been held for action of a Grand Jury on the basis of a felony complaint and has been committed to custody pending such Grand Jury action for a period in excess of 45 days" (People v Daniel P., 94 AD2d 83, 87 [emphasis added]). The statute "is designed to prevent unreasonably long detention of a defendant awaiting grand jury action" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 190.80, at 362). It does not, however, prevent the People from indicting a defendant prior to the expiration of the statutory period; rather, it merely provides that, after the expiration of the statutory period, a defendant may apply for release upon his own recognizance. Here, defendant consented to an extension of the statutory time period in order to consider the preindictment plea offer. It is undisputed that defendant did not accept that plea offer before the Grand Jury returned an indictment. Under those circumstances, defendant is not entitled to the benefit of the plea offer (see, People v Johnson, 181 AD2d 832, lv denied 80 NY2d 833). Moreover, defendant

would not have been entitled to be released on his own recognizance in this case in any event because he was also being held on a parole violation detainer. Defendant's waiver of the right to appeal was otherwise in all respects proper and encompasses the contentions of defendant concerning Supreme Court's denial of his suppression motion (*see, People v Kemp,* 94 NY2d 831, 833; *People v Brown,* 281 AD2d 962; *People v Frank,* 258 AD2d 900, 901, *lv denied* 93 NY2d 924). In any event, there is no merit to defendant's contentions. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.— Criminal Possession Controlled Substance, 5th Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.