■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS GARCIA, Appellant. [822 NYS2d 322]—

Kane, J. Appeals (1) from a judgment of the County Court of Rensselaer County (Czajka, J.), rendered September 24, 2004, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the second degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), and (2) by permission, from an order of said court, entered January 13, 2005, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was arrested in November 2002 and charged with several crimes related to alleged drug sales to an undercover police officer and a confidential informant in November 2001, April 2002 and July 2002. A grand jury indicted defendant and he was arraigned on the indictment in August 2003, at which time the People announced their readiness for trial. At trial, defendant was acquitted of some counts and convicted of criminal sale of a controlled substance in the second degree (two counts) and criminal possession of a controlled substance in the third degree (two counts). Following sentencing, defendant filed a pro se motion pursuant to CPL 440.10 seeking to vacate his conviction on the basis of ineffective assistance of counsel. County Court denied the motion. Defendant appeals from both the judgment of conviction and the order denying his postjudgment motion.

Regarding defendant's direct appeal of the judgment of conviction, while one of the prosecution witnesses violated County Court's *Molineux* ruling by referring to unsubstantiated information that defendant kept a stash of drugs in a rented storage unit, the record does not reveal that the People deliberately elicited the offensive response, and any prejudice to defendant from this one comment was ameliorated by the court's prompt curative instructions (*see People v McCombs*, 18 AD3d 888, 890 [2005]). Additionally, because defendant expressed no remorse for his crimes and executed two sales of large quantities of drugs, we will not disturb his sentence.

To the extent that defendant attempts to raise a violation of his speedy trial rights as a basis for direct appeal, he waived that argument by failing to make a motion to dismiss the indictment on speedy trial grounds prior to trial (*see* CPL 210.20 [2]; *People v Lawrence*, 64 NY2d 200, 203-204 [1984]; *People v Denis*, 276 AD2d 237, 246-247 [2000], *lv denied* 96 NY2d 782 [2001]; *People v Pitcher*, 182 AD2d 878, 879 [1992], *lv denied* 80 NY2d 933 [1992]; *see also People v Bancroft*, 23 AD3d 850, 851 [2005], *lv denied* 6 NY3d 752 [2005]). Defendant's speedy trial rights are relevant, however, to his CPL 440.10 argument alleging

ineffective assistance of counsel. A single error of failing to raise a meritorious speedy trial claim is sufficiently egregious to amount to ineffective assistance of counsel (*see People v Obert*, 1 AD3d 631, 632 [2003], *lv denied* 2 NY3d 764 [2004]; *People v Johnson*, 288 AD2d 501, 502 [2001]).

Defense counsel may waive a defendant's unripe speedy trial rights. Such a waiver is equivalent to an extension of time for the People to proceed with prosecution. When defense counsel requests or acquiesces in a delay in the proceedings, such time is excludable for statutory speedy trial purposes (*see People v Dougal*, 266 AD2d 574, 576 [1999], *lv denied* 94 NY2d 879 [2000]; *People v Crogan*, 237 AD2d 745, 745 [1997], *lv denied* 90 NY2d 857 [1997]; *compare* CPL 30.30 [4] [b]). A delay of proceedings to conduct plea negotiations is excludable where defendant or defense counsel requests the delay (*see People v Jenkins*, 302 AD2d 978, 978 [2003], *lv denied* 100 NY2d 562 [2003]; *People v Henderson*, 248 AD2d 485, 485 [1998], *lv denied* 92 NY2d 853 [1998]). A defendant's acquiescence may be inferred from defense counsel's consent to the delay on defendant's behalf (*see People v Crogan, supra* at 745). The People are entitled to rely on counsel's apparent authority to act on defendant's behalf and delay their case based on counsel's request and executed waiver.

Here, the record reveals that, well prior to the expiration of their CPL 30.30 time, the People were prepared to present their case to the grand jury, scheduled that presentation and gave defendant notice. That presentation was postponed based on counsel's request for a delay to attempt further preindictment plea negotiations and pursue possible cooperation by defendant with the State Police; the postponement was granted only after counsel executed a written waiver of defendant's speedy trial rights in connection with that postponement. Because the six-month time period under the "ready-trial" statute had not elapsed (*see* CPL 30.30 [1] [a]), counsel did not waive a ripe speedy trial claim and could waive future time periods under that statute on defendant's behalf (*see People v Crogan, supra* at 745-746).

We must also review defendant's constitutional speedy trial rights, as counsel could only waive those rights if defendant did not have a meritorious claim at the time counsel purported to waive them. The factors courts consider on such claims are the extent of the delay, reason for the delay, nature of the underlying charges, any extended pretrial incarceration and any indications of impairment to the defense attributable to the delay (*see People v Taranovich*, 37 NY2d 442, 445 [1975]). The underlying

crimes, which are serious drug charges, occurred in November 2001, April 2002 and July 2002. Defendant was arrested in November 2002 and remained incarcerated without bail. The People gave notice in April 2003, 17 months after the first drug sale, that they planned to present to the grand jury. Counsel waived defendant's speedy trial rights on April 30, 2003. Defendant's attempts to negotiate a favorable preindictment plea may have contributed to the delay. While long delays in prosecution may be permissible where the police are engaged in an ongoing undercover narcotics investigation involving numerous suspects and the defendant is merely one player (*see People v Morris*, 25 AD3d 915, 916-917 [2006], *lv denied* 6 NY3d 851 [2006]; *People v Couch*, 186 AD2d 143, 143-144 [1992], *lv denied* 82 NY2d 805 [1993]), the record on this motion is inadequate to determine the reason for the delay (*compare People v Townsend*, 270 AD2d 720, 720-721 [2000], *with People v Kirkley*, 295 AD2d 759, 760 [2002], *lv denied* 98 NY2d 711 [2002]). To develop a full record regarding defendant's constitutional speedy trial issue, we remit for County Court to hold a hearing on defendant's CPL 440.10 motion. If defendant's constitutional right to a speedy trial was violated as of April 30, 2003, counsel's waiver of defendant's rights at that point deprived him of meaningful representation and his CPL 440.10 motion should have been granted.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed. Ordered that, on the appeal from the order, the decision is withheld, and matter remitted to the County Court of Rensselaer County for a hearing.