McCarthy, J.
Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J), rendered December 20, 2010, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the fourth degree.
Following an October 2008 break-in at a home, during which a television and other property was stolen, defendant was charged by a January 2010 indictment with the crimes of burglary in the second degree, grand larceny in the fourth degree *1142 and criminal possession of stolen property in the fourth degree. Defendant moved to dismiss the indictment on statutory speedy trial grounds. County Court denied defendant’s motion and his later motion for reconsideration. After a jury trial, defendant was acquitted of the burglary and larceny charges but was convicted of criminal possession of stolen property in the fourth degree. County Court sentenced him to a term of U/s to 4 years in prison. Defendant appeals.
County Court erred in denying defendant’s motion to dismiss the indictment on statutory speedy trial grounds. Where a defendant is accused of a felony, the People must be ready for trial within six months of the commencement of a criminal action (see CPL 30.30 [1] [a]; People v Jacobs, 45 AD3d 883, 883-884 [2007], lv denied 9 NY3d 1035 [2008]). That six-month period is calculated “ ‘by computing the time elapsed between the filing of the first accusatory instrument and the People’s declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute’ ” (People v Pope, 96 AD3d 1231, 1232 [2012], lv denied 20 NY3d 1064 [2013], quoting People v Cortes, 80 NY2d 201, 208 [1992]; see People v Fehr, 45 AD3d 920, 922 [2007], lv denied 10 NY3d 764 [2008]). Although CPL 30.30 (4) (a) requires the exclusion of “a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . [a] trial of other charges” (CPL 30.30 [4] [a]), the People bear the burden of establishing “their entitlement to exclude any prereadiness delays from the calculation under a CPL 30.30 motion” and, as such, must “ensure that the record is sufficiently clear as to who is chargeable for” a delay (People v Robinson, 67 AD3d 1042, 1044 [2009], lv denied 13 NY3d 910 [2009]; see People v Collins, 82 NY2d 177, 181-182 [1993]; People v Seamans, 85 AD3d 1398, 1399 [2011]; People v Stewart, 57 AD3d 1312, 1314 [2008], lv denied 12 NY3d 788 [2009], cert denied 558 US 1116 [2010]; see also People v Moulton, 172 AD2d 1001, 1001-1002 [1991]).
Here, while other periods of time were at issue before County Court, the time that is dispositive to defendant’s speedy trial claim is the 112-day period from March 27, 2009 — the date of defense counsel’s entry into the case — until defendant’s July 17, 2009 written waiver of his right to a speedy trial. In opposition to defendant’s motion to dismiss, the People noted that another criminal action was pending against defendant in Albany County at the time that this action was commenced and asserted that, “in conferring with defendant’s new counsel [after March 27, 2009], it was agreed and understood that no action would be taken to obtain an indictment in the instant matter while *1143 counsel for . . . defendant endeavored to obtain a favorable plea disposition in the Albany County matter.” Despite “conceding] that the better practice would be to encompass the understanding of the parties in a stipulation, letter or other written instrument,” the People argued that the delay from March 27 until July 17 should be excluded from the speedy trial calculation pursuant to CPL 30.30 (4) (a). County Court excluded that time, finding that “the record indicates that” the parties reached an agreement as asserted by the People.
We disagree. There is no support in the record for the People’s unsubstantiated claim that “it was agreed and understood” that defendant consented to an adjournment or waiver from March 27, 2009 until July 17, 2009. “Adjournments consented to by the defense must be clearly expressed to relieve the People of the responsibility for that portion of the delay” (People v Smith, 82 NY2d 676, 678 [1993]; see People v Battaglia, 187 AD2d 808, 810 [1992]). “While a defendant may waive rights under CPL 30.30, the record here contains no evidence of any waiver, written or oral,” and the Court of Appeals has made clear that “prosecutors would be well advised to obtain unambiguous written waivers in situations like these” (People v Dickinson, 18 NY3d 835, 836 [2011] [internal quotation marks and citation omitted]). As the People failed to meet their burden of proving that the disputed 112-day period was not chargeable to them (see People v Collins, 82 NY2d at 181-182; People v Seamans, 85 AD3d at 1400; People v Wiggins, 197 AD2d 802, 804 [1993]; People v Moulton, 172 AD2d at 1001-1002; compare People v Crogan, 237 AD2d 745, 745-746 [1997], lv denied 90 NY2d 857 [1997]), the People did not establish that they were ready for trial within the statutory six-month period (see CPL 30.30 [1] [a]). Therefore, defendant was entitled to dismissal of the indictment pursuant to CPL 30.30.
Considering our resolution of this issue, defendant’s remaining arguments are academic.
Lahtinen, J.E, Stein and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.