People v Kelley (2020 NY Slip Op 04698)





People v Kelley


2020 NY Slip Op 04698


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND WINSLOW, JJ.


521 KA 17-00620

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUDITH C. KELLEY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered August 4, 2016. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony (two counts). 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed a sentence of imprisonment is unanimously dismissed, the judgment is modified as a matter of discretion in the interest of justice by vacating the fine and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of two counts of driving while intoxicated as a class D felony (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [c] [ii]). Even assuming, arguendo, that County Court erred in excluding evidence of defendant's homelessness at the time of the crime, we conclude that such error was harmless because the "proof that defendant . . . operat[ed] the vehicle . . . was overwhelming, and there is no reasonable possibility that the jury would have acquitted [her]" had the disputed evidence been admitted (People v Woodward, 219 AD2d 837, 837 [4th Dept 1995], lv denied 87 NY2d 1027 [1996]; see People v Obieke, 298 AD2d 931, 932 [4th Dept 2002], lv denied 99 NY2d 538 [2002]). Defendant's challenges to the length of her indeterminate term of imprisonment are moot because she has already served that term (see People v Laney, 117 AD3d 1481, 1482 [4th Dept 2014]). We agree with defendant, however, that the imposition of a fine was unduly harsh and severe under the circumstances of this case (see People v Neal, 148 AD3d 1699, 1700 [4th Dept 2017], lv denied 29 NY3d 1084 [2017]; People v Judd, 111 AD3d 1421, 1423 [4th Dept 2013], lv denied 23 NY3d 1039 [2014]; see generally People v Thomas, 245 AD2d 1136, 1137 [4th Dept 1997]). We therefore modify the judgment by vacating the fine. Defendant's remaining challenge to the fine is
academic in light of our determination.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court