People v Miller (2021 NY Slip Op 50315(U))

[*1]

People v Miller (Darlene)

2021 NY Slip Op 50315(U) [71 Misc 3d 131(A)]

Decided on April 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2017-2245 RO CR

The People of the State of New York,
Respondent,
against
Darlene Miller, Appellant. 

Dwight D. Joyce, for appellant.
Rockland County District Attorney (Amanda M. Doty of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of South Nyack, Rockland
County (Thomas Mascola, J.), rendered October 25, 2017. The judgment, after a nonjury trial,
convicted defendant of driving while ability impaired, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
After a nonjury trial, defendant was convicted of driving while ability impaired (Vehicle and
Traffic Law § 1192 [1]) based upon testimony and other evidence that defendant rear-ended
a parked police car which had its emergency lights activated; that defendant had red and glassy
eyes, and an odor of alcohol on her breath; that defendant admitted that she had consumed
alcohol; and that defendant refused to submit to a breath test.
Contrary to defendant's contention, the People established at a suppression hearing that there
was probable cause to arrest her for driving while intoxicated (see Vehicle and Traffic
Law § 1192 [3]; People v
Johnson, 140 AD3d 978, 979 [2016]; People v Kemper, 65 Misc 3d 150[A], 2019 NY Slip Op 51855[U]
[App Term, 1st Dept 2019]). Furthermore, the court properly denied suppression of defendant's
statements (see People v Dougal, 266 AD2d 574 [1999]; People v MacKenzie, 9 Misc 3d
129[A], 2005 NY Slip Op 51535[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2005]).
Defendant's contention that the evidence was legally insufficient to establish her guilt of
driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) is unpreserved for
appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v
Gray, 86 [*2]NY2d 10, 19-20 [1995]). In any event, viewing
the evidence in the light most favorable to the prosecution (see People v Contes, 60
NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish defendant's
guilt of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) beyond a
reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of
the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we accord great
deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe
their demeanor (see People v Lane,
7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 409 [2004]; People v
Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we are satisfied that the
guilty verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Defendant's remaining contentions are without merit.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 15, 2021