People v Brown (2023 NY Slip Op 05105)

People v Brown

2023 NY Slip Op 05105

Decided on October 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2023

Before: Manzanet-Daniels, J.P., Gesmer, González, Kennedy, O'Neill Levy, JJ. 

Ind. No. 6292/06 Appeal No. 730 Case No. 2018-2157 

[*1]The People of the State of New York, Respondent,
v
James Brown, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Rebecca Besdin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Order, Supreme Court, New York County (Gregory Carro, J.), rendered May 31, 2017, which denied defendant's motion to dismiss the indictment pursuant to CPL 30.30, on remittal from the Court of Appeals for further consideration of that motion, unanimously affirmed.
Upon remittal from the Court of Appeals (28 NY3d 392 [2016]), which found that Supreme Court had erred by failing to hold a hearing on whether the People's July 17, 2007 statement of readiness was illusory and directed Supreme Court to rule on defendant's other claimed chargeable periods, Supreme Court correctly denied defendant's motion to dismiss the indictment pursuant to CPL 30.30(1)(a).
In their response to defendant's new CPL 30.30 motion, the People conceded that the period between July 17, 2007 and August 8, 2007 was chargeable. As he did in 2008, defendant challenged the period between April 16, 2007 and May 30, 2007 and also raised a new challenge to the period between November 27, 2007 and January 22, 2008.
Supreme Court properly excluded as motion practice the period between April 16, 2007 and May 30, 2007. Defendant failed to demonstrate that the People were in any way dilatory in presenting the second robbery to a grand jury such that the delay occasioned by the motion to consolidate could be charged to them (CPL 30.30[4][a]; People v Reed, 19 AD3d 312, 315 [1st Dept 2005]; People v Khan, 18 NY3d 535, 543 [2012]; cf. People v Reid, 245 AD2d 44, 44 [1st Dept 1997]).
With respect to the period between November 27, 2007 and January 22, 2008, Supreme Court correctly found that defendant had waived his claim by conceding in the 2008 motion that the period was excludable (see People v Ocasio, 297 AD2d 231, 232 [1st Dept 2002]; see generally People v Gruden, 42 NY2d 214, 216 [1977]). Moreover, defendant's raising of a new claim of chargeable time exceeds the scope of the remittal of the Court of Appeals, which directed Supreme Court to consider unaddressed disputed time periods, not new periods that were not previously disputed (see People v Wiggins, 197 AD2d 802, 803 [3d Dept 1993]).
We have considered the arguments raised in defendant's pro se supplemental brief and find them unavailing. Moreover, insofar as defendant raises claims related to the grand jury presentation, they too exceed the scope of the remittal from the Court of the Appeals (Wiggins, 194 AD2d at 803). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2023